■ In the Matter of WALLKILL MANOR LTD., Appellant, v. IRVING A. COULTER et al., Constituting the Town Board of the Town of Wallkill, Respondents.— In a proceeding pursuant to article 78 of the CPLR inter alia for an adjudication that the failure of the Planning Board of the Town of Wallkill to act on petitioner's final plats was unlawful and to prohibit the Town Board of said town from enacting a certain proposed zoning ordinance or from enforcing such zoning ordinance, if enacted, petitioner (1) appeals, as limited by its brief, from so much of an order of the Supreme Court, Orange County, dated December 22, 1971, as, on reargument, adhered to the original decision denying the application and (2) further appeals from the judgment of the same court, entered January 10, 1972 upon said order, dismissing the application on the merits. Order reversed insofar as appealed from and judgment reversed, on the law, with one bill of costs, and petition granted to the extent that respondents are directed to issue a certification of final approval of petitioner's plats, pursuant to subdivision 4 of section 276 of the Town Law. As Special Term found on the motion for reargument, the Planning Board was aware that petitioner's plats had been submitted for final approval and it is clear that the application was not passed upon because the Town Board desired that there be a moratorium on final approvals until revised zoning ordinances went into effect. In our opinion, the Planning Board was required to act on the applica-

tion pursuant to subdivision 4 of section 276 of the Town Law and defects in form did not justify its delay in so doing (cf. *Matter of Northern Operating Corp.* v. *Chamberlain,* 34 A D 2d 686, 687; *Matter of Fishman* v. *Arnzen,* 29 A D 2d 954; *Matter of Scarsdale Meadows* v. *Smith,* 20 A D 2d 906; *Matter of Levin* v. *Thornbury,* 2 A D 2d 774). Martuscello, Gulotta and Benjamin, JJ., concur; Hopkins, Acting P. J., and Munder, J., dissent and vote to affirm.