■ In the Matter of DOMINICK FUSARO et al., Respondents, v. WALTER J. ZIEMBA et al., Constituting the Planning Board of the Town of Greenburgh, Appellants.— In a proceeding pursuant to article 78 of the CPLR *inter alia* to annul a determination of the planning board of the Town of Greenburgh which denied petitioners' application for approval of a subdivision of land, the planning board appeals from a judgment of the Supreme Court, Westchester County, dated December 31, 1973, which granted the application to the extent of vacating the "alleged" determination of the planning board, deeming petitioners' final subdivision plat approved and directing the Town Clerk of the town to issue a certificate. Judgment affirmed, without costs. The issue presented is the timeliness of the Planning Board's decision upon the application for approval of the subdivision plat. According to a letter by the planning board to petitioners, dated October 1, 1973, the decision was made at a regular meeting of the planning board on September 17, 1973, but the meeting minutes show the meeting was held on September 19, 1973. Special Term determined that the decision was made at an executive session and not a regular meeting and that the planning board did not issue a resolution of disapproval within 45 days after the public hearing held on August 15, 1973 as required by subdivision 4 of section 276 of the Town Law. This resulted in the approval of the map subdivision by operation of law, by virtue of the passage of time as provided in the Town Law, since the minutes were not reviewed for final determination until October 17, 1973 (*Matter of Fullam* v. *Kronman,* 51 Misc 2d 1079, affd. 31 A D 2d 947, affd. 26 N Y 2d 725). The applicable rule is set forth in the text of Anderson, New York Zoning and Practice (2d ed., vol. 1, § 15.07, p. 676) as follows: "The 45 days within which a planning board must make its decision begins to run when the plat is filed with the required endorsements, and the filing fee is paid. The planning board has not acted within the required 45 days if it has voted in executive session, to disapprove, has made no decision in writing, has not informed the applicant, and has not certified its decision to the county clerk. However, a planning board has not failed to act within 45 days simply because it has not filed its decision within that period." The determination of Special Term should accordingly be affirmed. Hopkins, Acting P. J., Cohalan, Brennan, Benjamin and Munder, JJ., concur.

■ In the Matter of ANNE HERRFURTH, Appellant, v. BOARD OF EDUCATION OF THE PEARL RIVER SCHOOL DISTRICT et al., Respondents.— In a proceeding pursuant to article 78 of the CPLR to annul respondents' determination terminating appellant's employment, the appeals are (1) from an order-judgment of the Supreme Court, Rockland County, entered November 28, 1973, which granted respondents' motion to dismiss the proceeding pursuant to CPLR 217 and (2) as limited by appellant's brief, from so much of a further order of the same court, dated February 6, 1974, as, upon reargument, adhered to the original decision. Order-judgment entered November 28, 1973 reversed and order dated February 6, 1974 reversed insofar as appealed from with one bill of $20 costs and disbursements, and respondents' motion denied, upon the authority of *Matter of Wininger* v. *Williamson* (46 A D 2d 689). Respondents' time to answer the petition is extended until 20 days after entry of the order to be made hereon. Hopkins, Acting P. J., Cohalan, Brennan, Benjamin and Munder, JJ., concur.