■ In the Matter of SHIRLEY PEKAR, Respondent, v TOWN OF VETERAN PLANNING BOARD et al., Appellants.—Appeal from a judgment of the Supreme Court at Special Term, entered April 13, 1976 in Chemung County, which, in a proceeding pursuant to CPLR article 78, granted petitioner's application and directed the Town Clerk of the Town of Veteran to issue a certificate for the final plat plan of petitioner's subdivision stating that the subdivision is deemed approved. Pursuant to regulations adopted by the town board, the appellant planning board required that petitioner's final plat plan be accompanied by a statement from the town highway superintendent that "the roads and other improvements have his approval and meet with his specifications". Petitioner commenced an article 78 proceed-

ing to require the planning board to accept her final plat plan without the town highway superintendent's approval, it, allegedly, having been arbitrarily withheld. Special Term dismissed the article 78 proceeding on the ground that it was premature, but, by decision, held that the final plat plan could be filed without such approval. On July 23, 1975 petitioner filed her plan with the planning board. On September 22, 1975 petitioner made a demand by letter that the town clerk issue a certificate that said plan had been approved because the board had failed to act within 45 days of submission of the plan. The planning board disapproved the plan on September 30, 1975. The town clerk refused to issue such a certificate. An article 78 proceeding was then initiated which concluded in a judgment directing the issuance of a certificate attesting to the planning board's approval. This appeal ensued. The judgment must be affirmed. Subdivision 4 of section 276 of the Town Law provides, in substance, that within 45 days of the submission of a plat in final form for approval by the planning board a hearing must be held and, thereafter, the board shall by resolution approve, modify or disapprove. Further, in the event a planning board fails to take action within the time prescribed, the plat shall be deemed approved and a certificate to that effect shall be issued by the town clerk on demand. No public hearing was held within 45 days of petitioner's submission of her final plat plan to the appellant planning board. Upon expiration of the time prescribed, the statute (Town Law, § 276, subd 4) is self-executing. The very purpose of the statute is to avoid administrative delay *(Matter of Castle Estates v Hubbard,* 52 Misc 2d 774; see, also, 1 Anderson, New York Zoning Law and Practice [2d ed], § 15.07). Failure of the appellant planning board to act within 45 days of the submission resulted in approval by operation of law *(Matter of Fusaro v Ziemba,* 46 AD2d 688; *Matter of Wallkill Manor v Coulter,* 40 AD2d 828, affd 33 NY2d 783). Appellants' contention that Special Term's ruling in the first article 78 proceeding to the effect that petitioner could file without first obtaining the town highway superintendent's approval was error is without merit. The only way we can review any nonfinal order or judgment affecting a final judgment is where such intermediate order or judgment was entered in the same proceeding in which final judgment was granted (CPLR 5501, subd [a]). Here, the first article 78 proceeding was an entirely separate proceeding. Judgment affirmed, with costs. Kane, J. P., Mahoney, Main, Larkin and Herlihy, JJ., concur.