■ D.E.P. Resources, Inc., Appellant, v Village of Monroe, Respondent.—In an action, *inter alia,* to recover damages for fraud, the plaintiff appeals from a judgment of the Supreme Court, Orange County (Braatz, J.), dated August 6, 1985, which is in favor of the defendant and against it dismissing the complaint.

Ordered that the judgment is affirmed, without costs or disbursements.

Pursuant to a resolution passed by the Board of Trustees of the defendant Village of Monroe on November 22, 1983, certain property owned by the defendant was sold at a public auction held on December 19, 1983. Mr. Allen Peck appeared on behalf of the plaintiff at that auction and opened the bidding with a bid of $20,000. Mr. Andrew Barone subsequently bid $20,500 for the property. After further competitive bidding between Mr. Peck and Mr. Barone, Mr. Peck's final bid on behalf of the plaintiff of $26,000 was accepted.

After the auction, and after having paid the $26,000 "under protest", the plaintiff brought this action seeking to recover $6,000 in damages (as well as punitive damages). The plaintiff claimed, in its complaint, that Mr. Barone was the building inspector and village engineer for the defendant village and that his bids at the auction were violative of certain provisions of the General Municipal Law. It is also alleged in the plaintiff's complaint that Barone conspired with the defendant village to inflate the price paid for the property. The plaintiff also alleged that it relied, in making its bid, on false information furnished by the defendant concerning the size and quality of the property. After issue was joined, the case proceeded to trial. The trial court, after the plaintiff had rested, granted the defendant's motion for judgment in its favor (CPLR 4401). Judgment was subsequently entered dismissing the complaint. This appeal followed. We affirm.

The plaintiff argues on appeal that Mr. Barone's bids were void and that the defendant village is, therefore, legally obligated to accept the $20,000 bid originally submitted on its

behalf by Mr. Peck. We disagree. There is absolutely no proof whatsoever in this record from which the jury might have inferred that Mr. Barone, as the building inspector or village engineer, had the power or duty to negotiate, prepare, authorize or approve, on behalf of the defendant village, the contract for the sale of real property upon which he was bidding. Accordingly, the terms of General Municipal Law § 801 did not apply in this case (see generally, 1976 Opns Atty Gen 271; 1980 Opns St Comp No. 80-129, at 33; 33 Opns St Comp, 1977, at 121). Furthermore, as a mere bidder at an auction, Mr. Barone never actually had an interest in any contract to which the village was a party. Accordingly, he had no duty under General Municipal Law § 803 to make any formal disclosure of his interest. Even assuming he had some duty to disclose his *potential* interest in a contract with the village, his appearance at a public auction obviously served as a disclosure of that potential interest (cf., Stettine v County of Suffolk 105 AD2d 109, 117-118, affd 66 NY2d 354).

We have examined the plaintiff's remaining contentions and find them to be without merit. Mollen, P. J., Thompson, Brown and Rubin, JJ., concur.