■ In the Matter of D.E.P. RESOURCES, INC., Appellant, v PLANNING BOARD OF THE VILLAGE OF MONROE, Respondent.— In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Planning Board of the Village of Monroe (hereinafter the planning board), dated June 17, 1985, which denied the petitioner's application for subdivision plat approval, the appeal, purportedly as of right, is from an order of the Supreme Court, Orange County (Palella, J.), dated October 10, 1985, which remitted the matter to the respondent planning board for a rehearing.

Ordered, that on the court's own motion, the petitioner's notice of appeal is treated as an application for leave to appeal, that application is referred to Presiding Justice Mollen, and leave to appeal is granted by Presiding Justice Mollen (CPLR 5701 [b] [1]); and it is further,

Ordered that the order is reversed, on the law, without costs or disbursements, the petition is granted, the determination is annulled, and the respondent is directed to grant the petitioner's application.

The record on appeal establishes that on June 17, 1985, 2

out of the 5 members of the planning board voted to deny the petitioner's application for subdivision plat approval. The chairman of the planning board voted to approve the application; one board member had disqualified himself; the fifth member was absent. Thus, the planning board purported to exercise its power to disapprove of the proposed subdivision plat (see, Village Law § 7-728) based on the concurrence of only 2 of its 5 members. It is clear that this was not a valid exercise of the planning board's power.

At common law, "a majority of a body constituted a quorum, and if there were a quorum a vote of a majority of those present was sufficient for valid action" (Matter of Town of Smithtown v Howell, 31 NY2d 365, 376). However, this common-law rule was abrogated in New York by the enactment of the General Construction Law § 41, which provides as follows: "Whenever three or more public officers are given any power or authority, or three or more persons are charged with any public duty to be performed or exercised by them jointly or as a board or similar body, a majority of the whole number of such persons or officers, at a meeting duly held at a time fixed by law, or by any by-law duly adopted by such board or body, or at any duly adjourned meeting of such meeting, or at any meeting duly held upon reasonable notice to all of them, shall constitute a quorum and not less than a majority of the whole number may perform and exercise such power, authority or duty. For the purpose of this provision the words 'whole number' shall be construed to mean the total number which the board, commission, body or other group of persons or officers would have were there no vacancies and were none of the persons or officers disqualified from acting" (emphasis supplied).

Since the planning board consists of 5 members, at least 3 members of the board must concur on a given resolution in order for there to be a valid exercise of the board's powers. This requirement may not be circumvented, even though one board member was absent and one abstained (see, Matter of Town of Smithtown v Howell, supra, at 377). Thus, the planning board's vote was not in accordance with the law and was thereby invalid.

In view of the fact that the planning board failed to validly approve or disapprove of the petitioner's application within 60 days, the application is deemed to have been granted (see, Village Law § 7-728 [4]; see also, Matter of Wallkill Manor v Coulter, 40 AD2d 828, affd 33 NY2d 783; Matter of Pekar v Town of Veteran Planning Bd., 58 AD2d 703). The petitioner

is accordingly free to demand the issuance of a certificate attesting to the planning board's failure to act within the prescribed time (Village Law § 7-728 [4]), and to file that certificate in the office of the County Clerk (Village Law § 7-728 [6]).

We find, furthermore, that even if the vote of the members of the planning board on June 17, 1985, did constitute a procedurally valid denial of the petitioner's application for approval of its proposed subdivision plat, the determination would nonetheless have to be vacated since, on the merits, it lacks a rational basis. The only issue passed upon by the planning board concerned whether the petitioner's property included approximately 1,667 square feet of land located in an area which, on certain maps, is shown as a proposed future street. This area consists of a narrow strip of land abutting the building lot which was purchased by the petitioner at a public auction held by the Village of Monroe (see, D.E.P. Resources v Village of Monroe, 131 AD2d 719 [decided herewith]).

Ordinarily, the conveyance of the building lot to the petitioner would be presumed to have included not only the property actually described in the deed, but also the portion of any adjoining streets to the centerline thereof (see, Bissell v New York Cent. R. R. Co., 23 NY 61; Hennessy v Murdock, 137 NY 317, 323). This presumption would not apply, however, where the grantor is, as in this case, a municipality (see, City of Albany v State of New York, 28 NY2d 352). There is no need in this case to resort to this presumption since the deed pursuant to which the lot in question was conveyed to the petitioner contains explicit language which states that the property conveyed included "all right, title and interest, if any of [the village] in and to any streets and roads abutting the above described premises to the centerline thereof".

It is therefore clear that the village explicitly relinquished whatever interest it had in the disputed 1,667 square feet. The record does not establish that the village ever accepted this land for the development of a street after the filing of the original subdivision map in 1968 (see, Village Law § 6-610). The position of the two members of the planning board who voted to deny the petitioner's application is therefore without rational basis and lacking in merit.

The order under review should accordingly be reversed, and the petition should be granted. Mollen, P. J., Thompson, Brown and Rubin, JJ., concur.