■ In the Matter of GIL ALOYA et al., Appellants, v PLANNING BOARD OF THE TOWN OF STONY POINT et al., Respondents. [646 NYS2d 375] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Planning Board of the Town of Stony Point, dated July 28, 1994, which disapproved the petitioners application for final subdivision plat approval, the petitioners appeal from a judgment of the Supreme Court, Rockland County (Bergerman, J.), dated April 18, 1995, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

Town Law § 276 (6) (d) (i) (3) (a) requires that a Town Planning Board make one of three decisions with respect to a final subdivision plat "within sixty-two days after the date of the public hearing". Specifically, a Town Planning Board must "conditionally approve * * * disapprove, or grant final approval" of the final subdivision plat within the requisite time pe-

riod (Town Law § 276 [6] [d] [i] [3] [a]). Town Law § 276 (8) provides that if a Town Planning Board fails to "take action" within the requisite 62-day period, the final subdivision plat "shall be deemed granted approval". Further, pursuant to General Construction Law § 41, a Town Planning Board which consists of three or more members can only take action by a "majority of the whole number" of the Board. Finally, pursuant to General Municipal Law § 239-m (5), when a County Planning Board issues a recommendation disapproving a final subdivision plat, a Town Planning Board cannot "act contrary to such recommendation except by a vote of a majority plus one of all the members thereof".

In the instant matter, the Rockland County Planning Board (hereinafter the County Planning Board) issued a recommendation in March 1994 disapproving the petitioners' final subdivision plat. Thereafter, in July 1994, the seven member Town of Stony Point Planning Board (hereinafter the Town Planning Board) voted on the petitioners' application for approval of their final subdivision plat as follows: four members voted in favor of final approval, one member voted against, one member abstained, and one member was absent. Since only a four-member majority of the Town Planning Board voted to approve the petitioners' final subdivision plat and override the County Planning Board's negative recommendation, instead of the requisite five-member majority pursuant to General Municipal Law § 239-m (5), the Town Planning Board treated the petitioners' application as having been "turned down".

The petitioners commenced the instant proceeding alleging, *inter alia,* that the vote of the Town Planning Board was equivalent to "non action" or a failure to take action; and that since 62 days had passed from the close of the public hearing, their final subdivision plat was "deemed granted approval" pursuant to Town Law § 276 (8).

The Supreme Court denied the petition and dismissed the proceeding. We affirm.

Since the Town Planning Board consists of seven members, at least four members of the Town Planning Board had to concur on a given resolution in order for there to be a valid exercise of its powers (General Construction Law § 41; *cf., Matter of D.E.P. Resources v Planning Bd.,* 131 AD2d 757). In the instant case, the Town Planning Board validly exercised its powers and took action since four votes were recorded for the subject resolution. However, since the Town Planning Board could not muster five votes in favor of the resolution, as required by General Municipal Law § 239-m (5), it failed to act

contrary to the County Planning Board's negative recommendation, and essentially disapproved the petitioners' application. The petitioners' argument, as the Supreme Court properly held, "produc[es] an absurd result" and "fail[s] to harmonize the separate provisions of General Municipal Law § 239-m and Town Law § 276". Indeed, the cases relied on by the petitioners are all distinguishable since they involve default approvals caused by the failure of a majority of the entire body to concur on a given resolution (*see, e.g., Matter of D.E.P. Resources v Planning Bd., supra; Matter of Squicciarini v Planning Bd.,* 48 AD2d 687, *affd* 38 NY2d 958).

Accordingly, the proceeding was properly dismissed. Mangano, P. J., Rosenblatt, Pizzuto and Hart, JJ., concur.