[671 NYS2d 124]

In the Matter of GIL ALOYA et al., Respondents, v PLANNING BOARD OF THE TOWN OF STONY POINT, Appellant.

Second Department, April 13, 1998

### APPEARANCES OF COUNSEL

*Frank J. Phillips, Town Attorney* of Town of Stony Point, for appellant.

*Jacobowitz & Gubits,* Walden *(Larry Wolinsky* and *George W. Lithco* of counsel), for respondents.

### OPINION OF THE COURT

LUCIANO, J.

The petitioners received from the Planning Board of the Town of Stony Point (hereinafter Town Planning Board) sketch plan and preliminary plat approvals of their subdivision on January 30, 1991 and December 4, 1991, respectively. After the Rockland County Planning Board issued a recommendation disapproving the petitioners' final subdivision plat, the Town Planning Board was unable to muster five votes in favor of final plat approval at its July 28, 1994 meeting, as required by General Municipal Law § 239-m (5) to override the negative recommendation of the Rockland County Planning Board. The Town Planning Board therefore treated the petitioners' application as having been "turned down". The petitioners commenced a proceeding pursuant to CPLR article 78 challenging the validity of the Town Planning Board's disapproval of the final plat. By judgment dated April 18, 1995, the Supreme Court denied the petition and dismissed the proceeding. Raising only the question of the validity of the votes, the petitioners failed to raise the question of whether the disapproval was substantively arbitrary or capricious *(see, Matter of Long Is. Pine Barrens Socy. v Planning Bd.,* 78 NY2d 608, 612). This Court affirmed the judgment by decision and order dated August 12, 1996 *(see, Matter of Aloya v Planning Bd.,* 230 AD2d 790).

On January 26, 1996, the petitioners resubmitted their application for final plat approval, with certain modifications, to the Town Planning Board. Three days later, on January 29, 1996, the Town Planning Board rejected the petitioners' ap-

plication on the ground that it could not be entertained as a result of a recently enacted Town building moratorium.

The petitioners then commenced the instant proceeding pursuant to CPLR article 78 seeking to compel the Town Planning Board to accept and process the reapplication. The petitioners contended that the building moratorium did not affect their reapplication for final subdivision approval because the preliminary plat approval survived the Town Planning Board's disapproval of the petitioners' first application for final plat approval, so that the petitioners could reapply for final plat approval without recommencing the full approval process. The petitioners purportedly found support for this argument in Town Law § 276 (5) (h), which provides in relevant part that if a final plat is not submitted by the "developer" within six months of approval of the preliminary plat, "approval of the preliminary plat may be revoked by the planning board" (Town Law § 276 [5] [h]). Thus, they took the position that because the Town Planning Board failed to affirmatively revoke the preliminary plat approval, that preliminary approval continued to exist regardless of the subsequent disapproval.

Agreeing with the petitioners' argument, the Supreme Court concluded, *inter alia,* that since the petitioners had obtained preliminary plat approval before the commencement of the building moratorium, the petitioners' reapplication for final subdivision approval was exempt from the provisions of the moratorium. The Supreme Court therefore granted the petition and directed the Town Planning Board to consider and process the petitioners' reapplication. We agree with the Town Planning Board's contention that the Supreme Court erred in its determination.

Initially, the petitioners' interpretation of Town Law § 276 (5) (h) is incorrect. That section does not mandate that the planning board must take affirmative action to revoke a preliminary plat in order for preliminary approval to be extinguished. Rather, the burden is on the developer to take affirmative action to submit a final plat for approval, otherwise the planning board has the option to revoke preliminary approval or to permit the preliminary plat to remain viable so that the developer may have a further chance to finalize the plat.

In the present case, the developer sought final approval and the Town Planning Board, unable to overrule the County recommendation of disapproval pursuant to General Municipal Law § 239-m (5), was required to disapprove the final plat. There is no reading of Town Law § 276 (5) (h) which makes this section applicable to the present factual situation.

In any event, in our view, the language in Town Law § 276 compels a different conclusion. Town Law § 276 (4) (c) defines preliminary plat approval as "approval of the layout of a proposed subdivision as set forth in a preliminary plat *but subject to* the approval of the plat in final form" (emphasis added). Town Law § 276 (6) (d) (i) (3) (a) provides in relevant part that the planning board shall make its decision on a final plat by conditionally approving, disapproving, or granting final approval. Thus, the planning board has discretion to choose among three options in deciding upon a final plat application.

The Court of Appeals has noted the conditional status of preliminary plat approval in *Matter of Long Is. Pine Barrens Socy. v Planning Bd.* (78 NY2d 608, 612, *supra)* where it stated that "[a]pproval of the preliminary plat does not guarantee approval of the final version". Furthermore, the words "subject to" denote a contingent relationship, in which a subordinate object derives its validity from its transformation into a final form. Black's Law Dictionary defines "preliminary" as "introductory" or "temporary and provisional"; by contrast, "final" is defined as "conclusive", "definitive", "terminated" or "completed" (Black's Law Dictionary 629, 1180 [6th ed 1990]).

When read in the context of the above-mentioned definitions, the unambiguous, plain meaning of Town Law § 276 is that preliminary plat approval is a provisional grant of approval conditioned upon final approval, which, if denied, causes the approval process to be concluded. Thus, when the Town Planning Board unconditionally disapproved the first application for final plat approval submitted by the petitioners, the process of plat approval provided for pursuant to Town Law § 276 was terminated. In its memorandum decision, the Supreme Court acknowledged that the final subdivision reapplication constituted a new plan not previously considered. Under the circumstances, the petitioners' attempt to *reapply* for final plat approval, a procedure for which there is no statutory provision, was of no effect, or, at best, could be considered a new application for plat approval which would be subject to the building moratorium enacted before the "reapplication" occurred.

In light of our determination, it is unnecessary to address the Town Planning Board's remaining contentions. Accordingly, the judgment is reversed insofar as appealed from, the petition is denied, and the proceeding is dismissed on the merits.

JOY, J. P., KRAUSMAN and GOLDSTEIN, JJ., concur.

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, the petition is denied, and the proceeding is dismissed on the merits.