■ LEONARD SCHWALL, Appellant, v TOWN OF CLARKSTOWN et al., Respondents, et al., Defendants. [731 NYS2d 858] —In an action, *inter alia,* for a judgment declaring that certain contracts awarded to the defendants R. Todd Campbell and Karl Kirchner by the defendant Town of Clarkstown are null and void, the plaintiff appeals from an order of the Supreme Court, Rockland County (Sherwood, J.), dated June 27, 2000, which granted the motion of the defendants Town of Clarkstown, Charles Holbrook, John Maloney, Ralph Mandia, Louis Profenna, and Ann Marie Smith for summary judgment dismissing the complaint insofar as asserted against them and the separate motion of the defendant Karl Kirchner to dismiss the complaint insofar as asserted against him pursuant to CPLR 3211 (a) (5).

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Rockland County, for the

entry of a judgment declaring that the contracts awarded to the defendants R. Todd Campbell and Karl Kirchner by the defendant Town of Clarkstown are valid and enforceable.

Contrary to the plaintiff's contention, the Supreme Court correctly determined that the defendant Louis Profenna, who was a councilmember for the defendant Town of Clarkstown, and the defendant Murray N. Jacobson, who was the Town Attorney, had no "interest" in the contracts awarded to the defendants R. Todd Campbell and Karl Kirchner by the Town (General Municipal Law § 800 [3]; *see*, General Municipal Law § 801; *D.E.P. Resources v Village of Monroe*, 131 AD2d 719). Accordingly, the contracts are valid and enforceable (*see*, General Municipal Law § 804).

We note that since this is a declaratory judgment action, the Supreme Court should have directed the entry of a judgment declaring that the contracts are valid and enforceable (*see, Lanza v Wagner*, 11 NY2d 317, 334, *appeal dismissed* 371 US 74, *cert denied* 371 US 901). Santucci, J. P., S. Miller, Friedmann and Cozier, JJ., concur.