■ The People of the State of New York, Appellant, v Joseph Lucarelli, Respondent. [753 NYS2d 638] —Appeal from an order of Supreme Court, Erie County (Rossetti, J.), entered January 8, 2002, which granted defendant's motion to dismiss the indictment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying defendant's motion in part and reinstating the first count of the indictment and as modified the order is affirmed and the matter is remitted to Supreme Court, Erie County, for further proceedings on the first count of the indictment.

Memorandum: On appeal from an order granting the motion of defendant to dismiss the indictment charging him with official misconduct (Penal Law § 195.00 [1]) and hindering prosecution in the third degree (§ 205.55) based on legally insufficient evidence before the grand jury, the People contend that Supreme Court erred in dismissing the count charging defendant with official misconduct (*People v Lucarelli*, 190 Misc 2d 137). We agree. The evidence before the grand jury establishes that defendant was working as a desk officer at the police station in the Village of Depew in June 1999 when two women came to the police station to report suspected drug activity. One of the women told defendant the name of the suspect from whom she had allegedly purchased an illegal drug. Shortly thereafter, defendant used his cellular telephone to call the

parents of the suspect. Defendant advised the suspect's mother that her son's name had been mentioned in connection with the sale of an illegal drug and that her son should stay away from the establishment where the drug was allegedly sold.

The evidence, viewed in the light most favorable to the People, is legally sufficient to establish that defendant committed the crime of official misconduct (*see generally People v Bello,* 92 NY2d 523, 525-526), i.e., "that the public servant knew his or her acts were an 'unauthorized exercise of his official functions' * * * [and] that the public servant did so 'with the intent to obtain a benefit' " (*People v Feerick,* 93 NY2d 433, 446, quoting Penal Law § 195.00 [1]). A benefit means "any gain or advantage to the beneficiary [or] * * * a third person pursuant to the desire or consent of the beneficiary" (§ 10.00 [17]). Defendant's official function in this case was to receive the report of suspected drug activity from the two women, and to refer the women to a detective. The unauthorized exercise of that official function was defendant's transmission of that information to the suspect's mother with the intent to benefit the suspect. The Court of Appeals in *Feerick* emphasized the significance of intent, an element added to Penal Law § 195.00 when the Penal Law was revised in 1965. The Court wrote that the drafters of the revised statute intended the benefit element to exclude from the ambit of the statute " 'unauthorized conduct or neglect of duty, which, though possibly a .proper basis for removal or disciplinary action in some instances, does not seem a fair basis for the automatic imposition of criminal sanctions' ([Proposed New York Penal Law, Staff Notes of New York State Commn on Revision of Penal Law and Criminal Code (Richard J. Bartlett, Chair), § 200.00 (now § 195.00)], at 371 [(1965)])" (*Feerick,* 93 NY2d at 446). We construe that language to mean that unauthorized conduct in the absence of intent to benefit is not a crime, but that unauthorized conduct with such intent is within the ambit of Penal Law § 195.00.

We therefore modify the order by denying defendant's motion in part and reinstating the first count of the indictment, and we remit the matter to Supreme Court, Erie County, for further proceedings on that count of the indictment. Present—Pine, J.P., Hayes, Scudder, Kehoe and Lawton, JJ. [*See* 190 Misc 2d 137.]