■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v NICKY K. WOODRUFF, Respondent. [771 NYS2d 620]—

Appeal from an order of the Steuben County Court (Joseph W. Latham, J.), entered April 14, 2003. The order, insofar as appealed from, granted defendant's motion in part and reduced count one of the indictment from manslaughter in the second degree to criminally negligent homicide and dismissed count two of the indictment, charging defendant with reckless endangerment in the first degree.

It is hereby ordered that the order insofar as appealed from be and the same hereby is reversed on the law, the motion is denied in its entirety, counts one and two of the indictment are reinstated, and the matter is remitted to Steuben County Court for further proceedings on the indictment.

Memorandum: We agree with the People that County Court erred in granting in part defendant's motion to dismiss the indictment based on the alleged legal insufficiency of the evidence before the grand jury by reducing the first count of the indictment from manslaughter in the second degree (Penal Law § 125.15 [1]) to criminally negligent homicide (§ 125.10) and dismissing the second count of the indictment, charging defendant with reckless endangerment in the first degree (§ 120.25). The charges arose from a hunting accident that occurred in Steuben County in December 2001. There is no dispute that defendant shot the victim accidentally. Defendant was indicted under the theory that he acted recklessly in leaving the scene without immediately reporting the accident or otherwise aiding the victim, who bled to death. In reducing the first count of the indictment pursuant to CPL 210.20 (1) (b), the court determined that, although there was legally sufficient evidence that defendant's actions created a substantial and unjustifiable risk that the victim would die from his wound, there was legally insufficient evidence that defendant was aware of, and consciously disregarded, that risk (*compare* Penal Law § 15.05 [3], *with* § 15.05 [4]). Based on its determination that the evidence was legally sufficient to establish only that defendant culpably failed to perceive the substantial and unjustified risk of death arising from his actions, the court reduced the first count to criminally negligent homicide (*see People v Spurling*, 199 AD2d

624, 625 [1993]). Because the court determined that there was legally insufficient evidence that defendant perceived the risk associated with his actions and thus that he acted recklessly, the court also dismissed the second count, charging reckless endangerment in the first degree, inasmuch as both that crime and the lesser included offense of reckless endangerment in the second degree (Penal Law § 120.20) require a mental state of recklessness.

On a motion to dismiss an indictment under CPL 210.20 (1) (b), the evidence before the grand jury is examined for legal sufficiency, i.e., to determine whether there is "competent evidence which, if accepted as true, would establish every element of an offense charged and the defendant's commission thereof" (CPL 70.10 [1]; *see People v Deegan*, 69 NY2d 976, 978-979 [1987]). "The sufficiency of the People's presentation is properly determined by inquiring whether the evidence viewed in the light most favorable to the People, if unexplained and uncontradicted, would warrant conviction by a petit jury" (*People v Jennings*, 69 NY2d 103, 114 [1986]). Even in a wholly circumstantial evidence case, "th[e] standard limits the reviewing court's inquiry to determining whether the facts, if proven, and the inferences that logically flow from those facts supply proof of every element of the charged crimes. That other, innocent inferences could possibly be drawn from the facts is irrelevant on this pleading stage inquiry, as long as the Grand Jury could rationally have drawn the guilty inference" (*Deegan*, 69 NY2d at 979; *see People v Bello*, 92 NY2d 523, 525-526 [1998]). Under that standard of review, "all questions as to the quality or weight of the proof should be deferred" (*Jennings*, 69 NY2d at 115 [internal quotation marks omitted]; *see People v Galatro*, 84 NY2d 160, 164 [1994]).

Applying that standard of review here, we conclude that the evidence before the grand jury was legally sufficient to establish that defendant, an experienced hunter, shot the victim with a deer slug fired from a 20-gauge shotgun. Although defendant was initially unaware that he shot anyone, within seconds he heard the victim screaming in pain and minutes later heard the victim's friend yell, "you shot somebody, get back here, help me." Defendant then left the area and drove from the scene without ever reporting the accident or otherwise responding to the cry for help. Contrary to the determination of the court, the grand jury could infer from those facts and circumstances that, before leaving the scene, "defendant was personally aware that the [shooting] had occurred and that such [shooting] created a risk that the [victim] would die without prompt medical treat-

ment" (*People v Wong*, 81 NY2d 600, 608 [1993]; *see also People v Lutes*, 285 AD2d 739, 740-741 [2001], *lv denied* 97 NY2d 642 [2001]). We therefore reverse the order insofar as appealed from, deny defendant's motion in its entirety, reinstate the charge of manslaughter in the second degree under count one of the indictment and reinstate count two of the indictment, and we remit the matter to Steuben County Court for further proceedings on the indictment. On this appeal by the People, we have no authority to consider the contentions raised by defendant in his responsive brief (*see People v Karp*, 76 NY2d 1006, 1008-1009 [1990]; *People v Davidson*, 291 AD2d 810, 811 [2002], *appeal dismissed* 98 NY2d 738 [2002]).

All concur except Lawton, J., who dissents and votes to affirm for reasons stated in decision at County Court. Present—Wisner, J.P., Kehoe, Gorski, Lawton and Hayes, JJ.