THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MICHAEL J. WATSON, Respondent. (Appeal No. 1.) [821 NYS2d 328]—

Appeal from an order of the Chautauqua County Court (John T. Ward, Jr., J.), dated July 18, 2005. The order granted in part defendant's omnibus motion seeking, inter alia, dismissal of the indictment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying that part of the motion seeking to dismiss the offense of official misconduct and reinstating the 12th count of the indictment and as modified the order is affirmed, and the matter is remitted to Chautauqua County Court for further proceedings on the indictment.

Memorandum: The People appeal from an order granting in part defendant's omnibus motion seeking, inter alia, dismissal of the indictment. County Court dismissed two counts of stalking in the fourth degree (Penal Law § 120.45 [1]), four counts of stalking in the third degree (§ 120.50 [1], [3]), and one count of official misconduct (§ 195.00 [1]) in a 12-count indictment against defendant. The charges against defendant, a police officer with the City of Jamestown Police Department (Department), stemmed from an internal investigation by the Department against him involving his conduct toward three women, two of whom were employed by the Department.

"To dismiss an indictment on the basis of insufficient evidence before a [g]rand [j]ury, a reviewing court must consider 'whether the evidence viewed in the light most favorable to the People, if unexplained and uncontradicted, would warrant conviction by a petit jury' " (*People v Bello*, 92 NY2d 523, 525 [1998]; *see People v Forsythe*, 20 AD3d 936, 936-937 [2005]; *People v Woodruff*, 4 AD3d 770, 772 [2004]). The People must present "evidence legally sufficient to establish a prima facie case, including all the elements of the crime, and reasonable cause to believe that the accused committed the offense to be charged" (*People v Jensen*, 86 NY2d 248, 251-252 [1995]). "In the context of a [g]rand [j]ury proceeding, legal sufficiency means prima facie proof of the crimes charged, not proof beyond a reasonable doubt" (*Bello*, 92 NY2d at 526).

The grand jury charged defendant with three counts of stalking in the fourth degree, one for each of the three women, and, as noted, the court dismissed two of those counts. With respect to the counts dismissed by the court, defendant was charged with violating Penal Law § 120.45 (1), which provides in relevant part that a person is guilty of stalking in the fourth degree when he or she "intentionally, and for no legitimate purpose, engages in a course of conduct directed at a specific person, and knows or reasonably should know that such conduct . . . is likely to cause a reasonable fear of material harm to the physical health [or] safety . . . of such person." The statute does not require that a defendant intend a specific result, such as fear or harm (*see People v Stuart*, 100 NY2d 412, 426-427 [2003]). Rather, "[t]he statute . . . focuses on what the offenders do, not what they mean by it or what they intend as their ultimate goal . . . [, and it] requires that the offender know or reasonably should know that his [or her] conduct is likely to cause reasonable fear of material harm to the victim's physical health, safety or property" (*id.* at 427). That requirement "eliminate[s] the concern that a particular course of conduct will be deemed crim-

inal based merely on the subjective fear or sensibilities of the alleged victim. The fear must be reasonable and not idiosyncratic; the harm (or likely harm) must be material" (*id.* at 428). Thus, in order to be convicted under Penal Law § 120.45 (1), "[t]he course of conduct must be intentional; it must be aimed at a specific person; and the offender must know (or have reason to know) that his [or her] conduct will (or likely will) instill reasonable fear of material harm in the victim" (*Stuart*, 100 NY2d at 428-429).

Here, there is no dispute that defendant intentionally and for no legitimate purpose engaged in a course of conduct directed at the two women who were the subject of the counts of stalking in the fourth degree dismissed by the court. One of those women testified that defendant was always "lurking" around her while she worked, he repeatedly told her that he loved her and "wanted" her while grabbing his genitals, he exposed his genitals to her on two occasions, he telephoned her on her cellular telephone, and he kissed her cheek. The other woman testified that defendant would sit outside her home in his patrol vehicle and shine the vehicle's lights into her bedroom, he would follow her from her children's school in his patrol vehicle, and he would grab his genitals while asking her questions such as whether she had dreamed about him.

The issue before the court on that part of defendant's omnibus motion seeking to dismiss the counts of stalking in the fourth degree was whether there was prima facie evidence that defendant knew or reasonably should have known that his conduct was likely to cause reasonable fear of material harm to the physical health or safety of the women who were the subject of those counts. Although in determining that issue the court should focus on defendant's conduct rather than the womens' subjective fear, we agree with defendant that the actual perceptions of the women in this case should have been considered in determining what a reasonable person would perceive based on defendant's behavior. The two women who were the subject of the counts that were dismissed testified that defendant's behavior made them feel uncomfortable and that he was bothersome and "creepy," but they further testified that they were not afraid for their physical safety. In addition, the women did not expressly tell defendant to stay away from them or to stop his behavior. Based on our review of the evidence, we conclude that the court properly determined that the People did not submit prima facie evidence that defendant knew or reasonably should have known that his conduct was likely to cause reasonable fear of material harm to the physical health or safety of the two women.

We further conclude that the court properly dismissed the four counts of stalking in the third degree charged in the indictment. Count four of the indictment charged a violation of Penal Law § 120.50 (1), which provides in relevant part that a person is guilty of stalking in the third degree when he or she "commits the crime of stalking in the fourth degree . . . against three or more persons, in three or more separate transactions." Because two of the three charges of stalking in the fourth degree were dismissed, the court properly dismissed count four of the indictment. The remaining three counts of stalking in the third degree charged violations of section 120.50 (3), which provides in relevant part that a person is guilty of stalking in the third degree when he or she, "[w]ith intent to harass, annoy or alarm a specific person, intentionally engages in a course of conduct directed at such person which is likely to cause such person to reasonably fear . . . the commission of a sex offense against . . . such person." The issue before the court with respect to those counts was whether there was prima facie evidence that defendant's conduct was likely to cause reasonable fear on the part of each victim that defendant would commit a sex offense against her. Defendant's conduct toward one of the victims consisted of repeated telephone calls and e-mails to her after their relationship ended and after the victim repeatedly told him not to contact her. That victim and one of the other victims testified that they were not afraid that defendant would sexually assault them, and the third victim's testimony was ambiguous, i.e., she testified that she "wondered" if defendant would sexually assault her. We cannot agree with the People that those victims were thick-skinned and that their lack of fear was not that of a reasonable person. The victims were familiar with defendant and appeared to know the conduct of which he was capable. Because of their familiarity with defendant and other factors, we agree with the court that defendant's conduct was not likely to cause reasonable fear on the part of the victims that defendant would commit a sex offense against them.

We agree with the People, however, that the court erred in dismissing count 12 of the indictment, charging official misconduct pursuant to Penal Law § 195.00 (1). One of the victims testified that defendant followed her vehicle while driving his patrol vehicle, pulled her vehicle over, and kissed her cheek. The People thus submitted prima facie evidence that defendant engaged in an unauthorized exercise of his official functions by stopping the victim's vehicle for no lawful purpose, and that he intended to obtain a benefit therefrom by kissing the victim (*see generally People v Maloney*, 233 AD2d 681 [1996]).

We note that, although defendant contends that the indict-

ment should have been dismissed in its entirety based on both the legal insufficiency of the evidence and prosecutorial misconduct, "[o]n this appeal by the People, we have no authority to consider the contentions raised by defendant in his responsive brief" (*Woodruff*, 4 AD3d at 773; *see generally People v Goodfriend*, 64 NY2d 695, 697-698 [1984]). We therefore modify the order by denying that part of the motion seeking to dismiss the offense of official misconduct and reinstating the 12th count of the indictment, and we remit the matter to County Court for further proceedings on the indictment. Present— Pigott, Jr., P.J., Hurlbutt, Martoche and Green, JJ.