OPINION OF THE COURT
Frances Y. Wang, J.
By motion, filed February 3, 2017, defendant Adam Malki seeks dismissal of the accusatory instrument on facial insufficiency grounds pursuant to CPL 170.30 (1) (a) and 170.35 (1) (a). The People, by affirmation dated March 7, 2017, oppose defendant’s motion. Defendant filed a reply memorandum of law on March 16, 2017.
Defendant is charged with one count of official misconduct (Penal Law § 195.00 [1]), which states in pertinent part: “A public servant is guilty . . . when, with intent to obtain a benefit or deprive another person of a benefit. . . [h]e commits an act relating to his office but constituting an unauthorized exercise of his official functions, knowing that such act is unauthorized.”
Defendant concedes that the accusatory instrument adequately pleads one of the elements of the sole charge: that he is a public servant. Defendant, however, contends that the charge should, nevertheless, be dismissed because it fails to sufficiently allege the other elements, namely: (1) that he did anything that he was not “authorized” to do; and (2) that he obtained any “benefit” from his disclosure of unauthorized information. Specifically, defendant argues that the accusatory instrument merely indicates that he identified Christian Perez to Katherine Martinez as a target of the investigation, and that the accusatory information fails to allege that such act was unauthorized. Further, defendant contends that the accusatory instrument fails to identify what “benefit” he obtained by disclosing the details of the investigation to Martinez. (See defendant’s motion at 2-3.)
In opposing defendant’s motion, the People rely on People v Flanagan (28 NY3d 644 [2017]) to support their argument that defendant’s act of disclosing information about an ongoing investigation to one of the targets of such investigation was an unauthorized act. Further, the People assert that they are not required to detail which factual allegation contained in the ac *963 cusatory instrument constitutes the “benefit.” In any event, the People contend that there are several commonsense inferences of “benefit” based upon the facts alleged in the accusatory instrument. For example, the People contend that the most blatant inference of benefit is that defendant made the disclosure with the intent to continue the romantic relationship with Martinez. (See People’s response at 9-14.)
In defendant’s reply, to support his claim that he did not do anything unauthorized, he asserts that the accusatory instrument fails to plead that Martinez was a target of the investigation, much less that he had been told of her status as a target. ■Additionally, defendant, in an attempt to demonstrate that the accusatory instrument fails to identify anything that constitutes a benefit that he intended to obtain, asserts that the People merely speculate about possible benefits. As such, defendant contends that the sole charge of official misconduct should be dismissed. (See defendant’s reply at 4-7.)
A valid and sufficient accusatory instrument is a nonwaivable jurisdictional prerequisite to a criminal prosecution. (People v Dreyden, 15 NY3d 100, 103 [2010], citing People v Case, 42 NY2d 98, 99 [1977].) Criminal Procedure Law § 100.40 (1) provides that an information is facially sufficient when it (1) adheres to the form and content requirements detailed in CPL 100.15; (2) contains factual allegations which provide reasonable cause to believe that the defendant committed the offense charged; and (3) contains nonhearsay allegations, which if true, establish every element of the offense charged and the defendant’s commission thereof (see CPL 100.40 [1] [a]-[c]). Reasonable cause to believe that a person has committed an offense “exists when evidence or information . . . which are collectively of such weight and persuasiveness as to convince a person of ordinary intelligence, judgment and experience that it is reasonably likely that such offense was committed and that such person committed it.” (CPL 70.10 [2].) This standard does not require that the instrument allege facts that would prove defendant’s guilt beyond a reasonable doubt as required at trial. (See People v Henderson, 92 NY2d 677, 680 [1999].)
Rather, “[s]o long as the factual allegations of an information give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense, they should be given a fair and not overly restrictive or technical reading.” (People v Kalin, 12 NY3d 225, 230 [2009], quoting People v Konieczny, 2 NY3d *964 569, 575 [2004].) A court reviewing for facial sufficiency must assume that the factual allegations contained in the accusatory instrument are true, and must consider all reasonable inferences that may be drawn from them. (See CPL 100.40, 100.15; People v Jackson, 18 NY3d 738, 747 [2012].)
In order to be guilty of official misconduct for malfeasance, a defendant (1) must commit an act that constitutes an unauthorized exercise of his official functions; (2) knowing that the act is unauthorized; and (3) with the intent to obtain a benefit or deprive another of a benefit. (Flanagan, 28 NY3d at 657.) “An ‘act’ may be unauthorized because it is declared to be such by statute, ordinance, rule, regulation or otherwise.” (Richard G. Denzer & Peter McQuillan, Practice Commentary, McKinney’s Cons Laws of NY, Book 39, Penal Law § 195.00 at 634-635 [1967 ed] [emphasis added].) Penal Law § 195.00 contains two mens rea elements, requiring both an intent to obtain a benefit or deprive another of a benefit and knowingly acting or refraining from acting.
“The double mens rea prevents the criminalization of official actions, or lack thereof, due to ‘mere errors of judgment.’ This exacting standard is in keeping with the legislature’s goal of criminalizing ‘flagrant and intentional abuse of authority by those empowered to enforce the law,’ rather than ‘good faith but honest errors in fulfilling one’s official duties.’ Importantly, the two mens rea requirements were ‘not meant to limit in any substantive way the types of conduct that would be culpable.’ ” (Flanagan, 28 NY3d at 656 [citations omitted], quoting People v Feerick, 93 NY2d 433, 445-448 [1999].)
Here, the accusatory instrument states that Sergeant Robert Clark of the 44th Precinct is assigned as the Field Intelligence Officer to investigate a group of individuals known as “The Eden Boys,” who were alleged to have committed crimes in and around the confines of the 44th Precinct. The instrument further states that on or about the first week of September of 2015, Sergeant Clark assigned defendant, a member of the New York City Police Department, to assist in this investigation by reviewing social media postings, messages and photographs of multiple targets of the investigation, including Martinez. Additionally, the instrument states that the Sergeant informed defendant that Martinez was dating Perez, another target of the investigation. Therefore, contrary to defendant’s *965 assertion, the accusatory instrument clearly indicates that Martinez was a target of the investigation, and that defendant was informed of such.
Defendant argues that the accusatory instrument fails to allege that he did anything that he was not “authorized” to do. According to defendant, the instrument does not use the word “unauthorized” or include any explanation that conveys that concept. Defendant points out that the only act relating to his duties as a police officer that is alleged in the accusatory instrument is that he identified Perez to Martinez as a target of the investigation. Defendant asserts that the instrument does not even conclusorily allege that this act was “unauthorized,” much less plead any facts in support of that conclusion. At best, defendant contends that his act of revealing Perez’s status as a target was merely a poor exercise of his judgment. (See defendant’s motion at 2-3.)
This court rejects defendant’s arguments. Defendant’s action in revealing information about an ongoing investigation was not only a poor exercise of judgment, but it was also unauthorized under the law. In Flanagan, the evidence supported the conviction for official misconduct under a theory of malfeasance where the defendant, a high-ranking police officer, along with his accomplices, used his position of power to orchestrate the unauthorized return of unvouchered stolen property to authorities at the school from which it had been stolen, with the goal of terminating the open felony investigation of the son of his close friend, and preventing the son’s imminent arrest. In considering whether the action of the defendant was unauthorized, the Court of Appeals held that it is based “on a consideration of all the surrounding circumstances. Evidence of these circumstances may include, among other things, the manner in which the act was undertaken, the governing guidelines, rules, and protocols, as well as the actor’s motive.” (Flanagan, 28 NY3d at 657.)
Defendant is a New York City Police Officer assigned to assist in an investigation of a group of individuals called “The Eden Boys,” and he was entrusted with information, including the targets and various details related to the ongoing investigation. As a police officer, defendant retained special authority and privileges that gave him access to this information. During the course of the open police investigation, defendant approached Martinez, whom he knew was a target of the investigation, developed a romantic relationship with her and *966 disclosed details of the investigation to her. This court agrees with the People that by disclosing such information, defendant’s actions could lead to severe consequences, such as permanently damage the outcome and integrity of the entire investigation, and jeopardize the safety of Martinez, other targets of the investigation and members of the Police Department. While the People have not provided any New York Police Department rules or protocols governing the defendant’s action in developing a relationship with a target of an investigation, given “the manner in which the act was undertaken, ... as well as the [defendant’s] motive,” it is the disclosure of information to a known target of the investigation that is the unauthorized act. (Flanagan, 28 NY3d at 657.) To the extent that defendant contends that official misconduct can only be substantiated where the public official violated a specific rule, regulation or policy governing the official’s position, he is wrong. While some official misconduct cases have involved such violations, many others do not contain any specific rule violation. Nor does the plain language of the statute require violation of a specific rule or policy. Absent such a formal rule, however, the conduct at issue must be such that a public officer should know that it constitutes an unauthorized exercise of his official functions. (People v Barnes, 117 AD3d 1203, 1207 [3d Dept 2014].)
The facts of this case are also similar to People v Lucarelli (300 AD2d 1013 [4th Dept 2002]). In Lucarelli, the evidence before the grand jury established that the defendant was working as a desk officer at the police station when two women went to the station to report suspected drug activity. One of the women told the defendant the name of the suspect from whom she had allegedly purchased an illegal drug. Shortly thereafter, the defendant called the parents of the suspect and advised the suspect’s mother that her son’s name had been mentioned in connection with the sale of an illegal drug, and that her son should stay away from the establishment where the drug was allegedly sold. The Fourth Department held that the evidence was legally sufficient to establish that the defendant committed the crime of official misconduct for malfeasance. The Court found that the defendant’s official function was to receive the report of suspected drug activity from the two women, and to refer the women to a detective. It held that the unauthorized exercise of that official function was defendant’s transmission of that information to the suspect’s mother with *967 the intent to benefit the suspect. (Lucarelli, 300 AD2d at 1013-1014.)
Like the defendant in Lucarelli, here defendant’s official function was to assist in the investigation of “The Eden Boys.” The unauthorized exercise of that official function was defendant getting romantically involved with one of the targets of the investigation, and then revealing information about the investigation to such target with the intent to benefit himself, and perhaps others, as indicated below.
Defendant contends that the formation of a romantic relationship, no matter how misguided, is simply not an official act and, therefore, he cannot be prosecuted for official misconduct. Defendant is mistaken. In People v Watson (32 AD3d 1199 [4th Dept 2006]), the defendant was charged with the same crime as the instant case. The Fourth Department held that the lower court erred in dismissing that count of the indictment where the victim testified that the defendant followed her vehicle while driving his patrol car, pulled her vehicle over and kissed her cheek. The Court found that the People submitted prima facie evidence that the defendant engaged in an unauthorized exercise of his official functions by stopping the victim’s vehicle for no lawful purpose, and that he intended to obtain a benefit therefrom by kissing the victim. {Watson, 32 AD3d at 1202.) Here, defendant engaged in an unauthorized exercise of his official functions as a police officer when: (1) he became romantically involved with Martinez around the time when he was informed that she was not only a target of his investigation, but that she was also dating Perez, who was a major target of such investigation; and (2) he intended to obtain a benefit therefrom by being romantically involved with Martinez. As stated in Barnes, defendant, a police officer, should have known that getting romantically involved with a known target and then revealing information about the investigation to such target constitute an unauthorized exercise of his official functions. (117 AD3d at 1207.)
Defendant also alleges that the accusatory instrument fails to identify the benefit that he intended to obtain. Instead, defendant points out that the People speculate about possible benefits that the instrument does not plead, but which could theoretically be inferred from it using common sense. {See defendant’s reply at 5-6.) “Benefit” is broadly defined to encompass “any gain or advantage to the beneficiary and includes any gain or advantage to a third person pursuant to the desire or *968 consent of the beneficiary.” (Penal Law § 10.00 [17]; see People v Garson, 6 NY3d 604, 612 [2006].)
There must be factual allegations in the accusatory instrument which allege an intent to benefit himself or a third person, but there is no requirement that the instrument spell out which factual allegations constitute the benefit. (See People v Jackson, 35 Misc 3d 179 [Crim Ct, Kings County 2011].) As held by the County Court in People v D’Arcy (79 Misc 2d 113, 122 [Allegany County Ct 1974]), a specification of “benefit” as pleaded in each count of official misconduct is the proper subject for a bill of particulars.
On the record in Feerick, before the Appellate Division, First Department, the Court of Appeals noted that it can be reasonably inferred that the defendant intended to obtain a benefit for his fellow officer and friend within the meaning of the statute when he accessed confidential information in an LAB computer system and confirmed for the officer the scope of the allegations of the complainant in the disciplinary investigation against him. (People v Snowden, 49 Misc 3d 1203[A], 2015 NY Slip Op 51368[U] [Sullivan County Ct 2015].) In this case, defendant’s act of disclosing information regarding an ongoing investigation into “The Eden Boys” to Martinez, a target of that very investigation, is a clear benefit to defendant and Martinez. It can reasonably be inferred that one of the benefits, as advanced by the People, is that defendant made the disclosure with the intent to continue the romantic relationship with Martinez. Second, defendant could have sought the use of his romantic relationship with Martinez to benefit his career. Additionally, according to the People, defendant provided information to Martinez with the intent to benefit her. (See Lucarelli, 300 AD2d at 1013-1014; see People’s response at 13-14.)
Given the aforementioned reasons, the accusatory instrument satisfies the requirements of CPL 100.15 and 100.40. Accordingly, since this court finds that the factual allegations contained in the accusatory instrument are sufficient to support the charge of official misconduct, defendant’s motion to dismiss that charge is denied.