■ In the Matter of ANDRE NEHORAYOFF, Petitioner, v HENRY A. FERNANDEZ, as Deputy Commissioner of Education of the State of New York, Respondent. [594 NYS2d 863] —Yesawich Jr., J. P. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Education Law former § 6510-a [4]) to review a determination of respondent which revoked petitioner's license to practice medicine in New York.

Based on allegations that he negligently and incompetently performed abortions on patients A, B, C, D, E and F, petitioner, a licensed obstetrician-gynecologist practicing in New York City, was charged by the State Board for Professional Medical Conduct (hereinafter SBPMC) with six specifications each of gross negligence and practicing with gross incompetence, one specification of practicing with negligence on more than one occasion, one specification charging incompetent practice on more than one occasion and five specifications of failing to maintain adequate medical records. Upon notification of the charges, his license to practice medicine was summarily suspended pursuant to Public Health Law § 230 (former [12]).

Evidence adduced at a nine-day hearing disclosed that petitioner had performed several incomplete abortions which, coupled with substandard monitoring and aftercare, resulted in two extensive emergency surgeries—one, a total abdominal hysterectomy—and one death. Expert testimony also confirmed that petitioner's medical records were sketchy at best and that he routinely failed to proceed according to established protocols (for example, performing procedures in his office which, due to high risk factors, should have been done in a hospital setting). After the hearing was concluded, the Hearing Committee issued findings of fact sustaining certain of the charges with respect to all of the patients except patient F and recommended that petitioner's license be suspended for three years, the last two years of which were to be stayed provided that petitioner entered a qualified residency program. The Director of the State Office of Public Health, acting on behalf of the Commissioner of Health, agreed with the Hearing Committee's findings, but urged that petitioner's license be revoked. The Regents Review Committee modified the findings slightly and found petitioner guilty of negligence on more than one occasion and failing to maintain adequate medical records with respect to patients A, B and D, and recommended a three-year stayed suspension. The Board of Regents (hereinafter the Board) accepted the modified findings and, based on a "more serious view of the misconduct committed", revoked petitioner's license. Respondent entered an appropriate order. Petitioner then commenced this CPLR article 78 proceeding to review the determination. Based on an examination of the record, we are of the view that the determination should be confirmed and the petition dismissed.

Petitioner urges that the determination should be annulled on the ground that he was denied due process because the Board did not discharge its statutory duty of making an informed decision by independent appraisal of the evidence. It is insinuated that it is demonstrably absurd to assume that the Board could have acquainted itself with a 2,000-page hearing transcript that was only available to the Board for two days prior to its determination. What is significant, however, is that the Board did in fact have access to the transcript of the hearing and to the factual findings (undisputed by petitioner) and the conclusions of the Hearing Committee, the Commissioner and the Regents Review Committee. This is sufficient to establish the opportunity to make an informed decision, which in turn satisfies the requirements of due process *(see, Matter of Di Marsico v Ambach,* 48 NY2d 576,

582). Absent a showing, clearly revealed, that the Board " 'made no independent appraisal and reached no independent conclusion' ", its decision must stand *(Matter of Taub v Pirnie,* 3 NY2d 188, 195, quoting *Matter of Kilgus v Board of Estimate,* 308 NY 620, 628). Petitioner's naked assertion that each member of the Board could not have actually reviewed the evidence, in the absence of any proof that they did not, is not sufficient to overcome the presumption of regularity accorded the Board's action.

Equally unconvincing is petitioner's contention that he was denied a fair hearing because the Hearing Committee was appointed by the Director of the Office of Professional Medical Conduct rather than by the Chairman of the SBPMC, as required by Public Health Law § 230 (10) (former [e]). Petitioner has failed to demonstrate how or in what way he suffered any actual harm or prejudice due to such appointments, or that there was any bias or prejudice on the part of any member of the Hearing Committee which deprived him of a fair hearing *(see, Matter of Reisner v Board of Regents,* 142 AD2d 22, 29).

Unsubstantiated also is petitioner's claim that two newspaper articles in the New York Daily News, headlined "DOCS FROM HELL" and "HIPPOCRATIC OAFS" and ostensibly criticizing the Board for failing to act more swiftly in cases of physician misconduct, prejudiced and unduly influenced the Board. There is not a particle of evidence that the Board was actually influenced by the articles or that it acted contrary to its statutory mandate. Given the presumptions of integrity and freedom from bias which the Board's actions enjoy *(see, Matter of Amarnick v Sobol,* 185 AD2d 485), petitioner's conclusory allegations of prejudice are unavailing.

Finally, petitioner's argument that the Board's findings of negligence and failure to keep adequate records do not justify the sanction of revocation is without merit. In view of the serious and repeated nature of his transgressions and their life-threatening consequences, the penalty imposed cannot be said to be irrational or disproportionate to the offense "or to the harm or risk of harm * * * to the public" *(Matter of Pell v Board of Educ.,* 34 NY2d 222, 234; *see, Matter of Edelman v Sobol,* 174 AD2d 896, 897-898, *appeal dismissed* 78 NY2d 1006; *Matter of D'Amico v Commissioner of Educ. of State of N. Y.,* 167 AD2d 769, 771).

Crew III, Mahoney and Harvey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.