■ TOWN OF MORIAH, Appellant-Respondent, v COLE-LAYER-TRUMBLE COMPANY, Respondent, and COUNTY OF ESSEX, Respondent-Appellant. [606 NYS2d 822] Yesawich Jr., J.—Cross appeals from an order of the Supreme Court (Dier, J.), entered February 5, 1993 in Essex County, which granted defendant Cole-Layer-Trumble Company's motion to dismiss the complaint against it and partially granted defendant County of Essex's motion for summary judgment dismissing the complaint against it.

In April 1988 defendant County of Essex entered into an agreement with defendant Cole-Layer-Trumble Company (hereinafter CLT) which provided that CLT was to perform assessment data collection and valuation services with regard to all of the real property in the County, for which services the County would pay approximately $1.2 million. This amount would ultimately be charged, in proportional shares, to the 18 towns in the County, of which plaintiff is one *(see,* Real Property Tax Law § 1536 [5]). In addition to the valuation services, the County and the towns were to receive copies of a randomly accessible computer disc containing video images of each parcel of property, a license to use the disc and computer workstations. CLT also agreed to furnish certain services to the assessors of each town, including assistance in addressing grievances filed by landowners with the board of review, and aid with RPTL article 7 certiorari proceedings.

By November 1990 plaintiff, having become dissatisfied with CLT's performance, refused to remit its share of the amount due under the contract. The following month, however, plaintiff agreed to pay its share in exchange for the County's promise to retain $39,000 of the payment in escrow until plaintiff was able to resolve its dispute with CLT. The funds were not to be released from escrow without written authorization from both plaintiff and CLT.

In August 1992 the County, pursuant to resolution, withdrew the escrowed funds and paid CLT the remainder due under the contract. On the same day the County resolution

was passed plaintiff commenced this action, seeking an injunction barring the County from charging back to plaintiff its pro rata share of the contract price, damages from CLT for breach of contract and a declaration of the rights of the parties. Apparently believing that the escrow moneys had not been paid out, plaintiff also moved, by order to show cause served with the summons and complaint, for a preliminary injunction restraining the County from doing so; Supreme Court denied the motion.

Thereafter, CLT moved pursuant to CPLR 3211 for dismissal of the complaint against it, and the County moved pursuant to CPLR 3212 for summary judgment dismissing the complaint against it. Supreme Court granted CLT's motion, concluding that plaintiff was not an intended beneficiary under the contract and hence has no right to sue for its alleged breach (see, Fourth Ocean Putnam Corp. v Interstate Wrecking Co., 66 NY2d 38, 44-45), and partially granted the County's motion, dismissing all claims against it except for a cause of action sounding in breach of the escrow agreement. Plaintiff and the County both appeal.

We do not share Supreme Court's view that plaintiff has no right to bring suit as a third-party beneficiary of the contract between CLT and the County. Both the contract itself and the surrounding circumstances indicate that the promisee—the County—intended to give plaintiff and the other towns in the County the benefit of CLT's promised performance, namely, the services and "deliverables" to be provided by CLT under the contract. Inasmuch as the data collection and valuation services are of use primarily in the assessment of property, which is solely the towns' responsibility, it is evident that the County was acting on behalf of the towns in executing the contract. Furthermore, the resolution by which the County authorized the contract specifically gives as a reason for its adoption that all of the towns were required by State law to complete an inventory for revaluation purposes by 1990. And, most importantly, the contract stipulated that several services were to be provided directly to the towns, as well as that CLT was to furnish 18 copies of the LANDISC—one for each town— and 18 workstations with which to access the disc. These particulars at least raise a question of fact as to whether plaintiff was an intended beneficiary of the contract between CLT and the County, rendering dismissal of the complaint against CLT at this stage inappropriate (see, MK W. St. Co. v Meridien Hotels, 184 AD2d 312, 313; Facilities Dev. Corp. v Miletta, 180 AD2d 97, 100-101).

Having dismissed the action on this basis, Supreme Court did not address the question of whether plaintiff's failure to comply with the Open Meetings Law (see, Public Officers Law art 7) when authorizing the commencement of this suit requires its dismissal; we find that it does not. Although plaintiff's Board admittedly voted on September 10, 1991 to commence litigation in an executive session, of which there are no minutes, in violation of the Open Meetings Law, defendants have not shown the requisite "good cause" for declaring that action void (see, Public Officers Law § 107; *Matter of New York Univ. v Whalen,* 46 NY2d 734, 735). In light of the Board's subsequent resolution, passed at a regular meeting in November 1992, ratifying the Board's earlier action, and the fact that defendants have demonstrated no prejudice flowing from the commencement of the lawsuit on the basis of the September 1991 authorization, there is simply no reason to annul that authorization.

Finally, the County contends that because the complaint contains no express claim for breach of the escrow agreement, but rather, insofar as the County is concerned, seeks only to prevent the County from charging back to plaintiff its pro rata share of the amount due under the contract, Supreme Court erred in not dismissing the entire complaint against it. In view of the County's admission that the escrowed funds have already been paid to CLT, and the fact that there is no indication that the County has implemented, or intends to implement, any charge back, the complaint should have been dismissed in its entirety as it pertains to the County.

However, as previously observed, it appears that plaintiff was unaware at the time the complaint was served that the County had already released the escrow funds to CLT, for it sought a preliminary injunction to prevent that very occurrence. Given the change in status of these funds, plaintiff may have a viable cause of action for breach of the escrow agreement and should be afforded an opportunity to seek relief therefor if it is so inclined. Accordingly, leave to replead for that purpose is hereby granted (see, *Levy v Black Angus,* 24 AD2d 446, 447).

Finally, CLT's argument that the County's motion, which was not opposed by plaintiff, should be denied because of the possibility that CLT will assert cross claims against the County is less than convincing, for should plaintiff choose not to proceed further against the County, CLT is not foreclosed from pursuing its claims by bringing a separate action against the County or by serving a third-party complaint.

Mikoll, J. P., Crew III, White and Casey, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted the motion by defendant Cole-Layer-Trumble Company and partially denied the motion by defendant County of Essex; motion by defendant Cole-Layer-Trumble Company is denied and motion of defendant County of Essex dismissing the claims against it is granted, without prejudice to plaintiff's right, if it is so inclined, to replead; and, as so modified, affirmed.