■ In the Matter of WALTER E. OTTO, II, Respondent, v NEW YORK STATE ADIRONDACK PARK AGENCY, Appellant. [676 NYS2d 330] —Graffeo, J. Appeal from a judgment of the Supreme Court (Demarest, J.), entered July 25, 1997 in Franklin County, which granted petitioner's application, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, to annul a determination of respondent finding that petitioner's boathouse is in violation of respondent's shoreline setback regulation.

In July 1984, petitioner erected a two-story structure at the shoreline of his property located on Clear Pond in the Town of Franklin, Franklin County. The first floor was utilized to store boats and boating equipment, while the second floor contained a sectional couch, two pinball machines, several armchairs, carpeting, wood paneling, a table with chairs, a woodburning stove and four built-in bed frames with mattresses. The structure did not have kitchen or bathroom facilities. In May 1990, respondent issued a notice of violation of Executive Law § 806 (1) (a) (2) in that the structure was located less than 75 feet from the mean highwater mark of Clear Pond. After a hearing, respondent's Enforcement Committee found that the structure did not qualify as an exempt "boathouse" as defined by 9 NYCRR 575.4 (c) and was, therefore, in violation of respondent's shoreline setback restrictions. Petitioner filed an administrative appeal and the Enforcement Committee's determination was affirmed by respondent in July 1990.

In October 1990, petitioner commenced a hybrid CPLR article 78 proceeding and declaratory judgment action which

challenged respondent's determination. Supreme Court granted the petition and vacated the determination, finding that the structure was in compliance with the regulatory definition of a "boathouse" as defined by 9 NYCRR 575.4 (c). Respondent appeals, contending that its determination was rationally based and that Supreme Court erred in granting the petition.

Judicial review of administrative determinations is limited to whether substantial evidence supported the agency's determination and whether it was arbitrary and capricious (*see, Matter of Town of Poughkeepsie v Zagata*, 245 AD2d 672, *lv denied* 91 NY2d 809; *Matter of Kenneth VV. v Wing*, 235 AD2d 1007). Further, although a court may not substitute its judgment for that of the administrative agency, an irrational determination must be annulled (*see, Paramount Communications v Gibraltar Cas. Co.*, 90 NY2d 507).

Respondent's shoreline setback restriction requires that all buildings in excess of 100 square feet, other than docks or boathouses, must be set back 75 feet from the mean highwater mark (*see,* Executive Law § 806). A "boathouse" is further defined as: "a structure with direct access to a navigable body of water (1) which is used for the storage of boats and associated equipment and (2) which does not have bathroom or kitchen facilities and is not designed or used for lodging or residency" (9 NYCRR 575.4 [c]). It is undisputed that petitioner's structure had direct access to the lake and was used for the storage of boats and associated equipment and, therefore, satisfied the first criterion of 9 NYCRR 575.4 (c). The dispute between the parties focuses on the second qualification for the boathouse exemption, i.e., whether the structure had bathroom or kitchen facilities and was designed or used for lodging or residency. Respondent asserts that the boathouse was designed and/or used for lodging and residency, notwithstanding its acknowledgment that the building did not contain bathroom or kitchen facilities, and did not have running water. Petitioner contends that the second floor of his boathouse was used solely for recreational purposes.

Although the second floor of the structure may have occasionally been utilized by petitioner's daughters or guests to sleep, this sporadic or limited use does not constitute "lodging or residency" within the meaning of the regulation. The mere fact that the upper floor is furnished with several platform-type beds does not provide sufficient proof that it was "designed or used for lodging or residency" in the absence of a kitchen, bathroom or any other indicia suggesting that the structure was intended for other than recreational use. Hence, there is

not a sufficient basis to conclude from respondent's investigation or the testimony adduced at the hearing that the structure was occupied and/or designed for lodging or residential purposes. Based on the foregoing, we decline to disturb Supreme Court's annulment of respondent's determination.

Cardona, P. J., Mikoll, White and Carpinello, JJ., concur. Ordered that the judgment is affirmed, with costs.