■ In the Matter of WAYNE F. GERSEN, as Superintendent of Schools of Wappingers Central School District, et al., Respondents, v RICHARD P. MILLS, as Commissioner of Education of the State of New York, Respondent, and DIONE GOLDING, Appellant. [737 NYS2d 137] —Lahtinen, J. Appeal from a judgment of the Supreme Court (Sheridan, J.), entered October 26, 2000 in Albany County, which granted petitioners' application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent Commissioner of Education, inter alia, prohibiting petitioner Superintendent of Schools of the Wappingers Central School District from attending private meetings to disseminate information concerning a School District election.

In 1999, prior to an election which included a vote on the proposed school budget for the Wappingers Central School District (hereinafter District), petitioner Superintendent of Schools of the District (hereinafter petitioner) attended several meetings and "coffees" with community groups and at the homes of private individuals where he discussed the proposed school budget and distributed handouts pertaining to the budget. In May 1999, respondent Dione Goldin, a resident of the District, petitioned respondent Commissioner of Education requesting that petitioner be directed to stop the meetings and discontinue the use of District funds to promote a favorable vote on the budget.

On November 20, 1999, the Commissioner granted the petition, ordering petitioner to refrain from attending privately-sponsored events to provide information regarding District elections during the hours of his employment and to refrain from using District resources to advocate a partisan position with respect to matters which were being voted on. On March 27, 2000, this CPLR article 78 proceeding was commenced seeking to annul the Commissioner's determination, and the Commissioner and Goldin each filed an answer. Supreme Court granted the petition, finding that the proceeding had been authorized by petitioner Board of Education of the District (hereinafter the Board) and concluding that the Commissioner's determination was arbitrary and capricious and affected by an error of law. Goldin appeals.[1]

Turning first to Goldin's defense, asserted in her answer, that "petitioners [had] no authority to bring the instant petition," Supreme Court was "satisfied that the prosecution of this proceeding [was] authorized by * * * [the] Board" and refused to dismiss the petition on this ground. We disagree and find that because the record fails to demonstrate that this proceeding was properly authorized by a vote of the Board within the applicable limitations period, the proceeding must be dismissed.

Petitioners commenced this proceeding on March 27, 2000, the last day within the applicable statute of limitations,[2] by filing a notice of petition and petition verified by petitioner as Superintendent of Schools. As Superintendent, petitioner is the District's chief executive officer (see, Education Law § 1711 [2] [a]; § 1804 [1]) whose powers and duties are prescribed by statute (see, Education Law § 1711 [2]; § 1804 [1]) and the Board (see, Education Law § 1711 [3]; § 1804 [1]). He is responsible for "enforcing * * * all rules and regulations relating to management of the schools" (Education Law § 1711 [2] [b]). The Board, however, is responsible for the "superinten-

1. Although the Commissioner filed a notice of appeal from Supreme Court's judgment, this Court granted the Commissioner's application to withdraw his appeal and, by letter dated October 11, 2001, the Commissioner takes no position in this appeal. While Goldin may have been improperly added as a party by petitioner, we do not exercise our discretionary authority to drop her from this proceeding (see, CPLR 1003) and dismiss this appeal.

2. The Commissioner's determination was mailed to the District's attorney on November 22, 1999 and was received by counsel on November 26, 1999. Consequently, March 27, 2000 was the last date to timely commence this proceeding (see, CPLR 217 [1]; 2103 [b] [2]; General Construction Law § 25-a).

dence, management and control of the educational affairs of the [D]istrict" and has "all the powers reasonably necessary to exercise powers granted ·[it] expressly or by implication" (Education Law § 1709 [33]). We find no statutory provision authorizing a superintendent to commence legal proceedings on behalf of a school district absent school board approval,[3] nor does the record demonstrate that this Board afforded petitioner that authority.

The affidavit from the District's clerk reveals that the Board voted and approved a resolution which "restate[s] its authorization, nunc pro tunc, and support" for the instant proceeding at its public meeting on *May 22, 2000,* but no minutes of that meeting (*see,* Public Officers Law § 106 [1]) were included in the record. Petitioner presented his affidavit and affidavits from several Board members as proof that the proceeding was "authorized" by the Board in executive session at its meeting on March 27, 2000 (*see,* Public Officers Law § 105 [1] [d]). However, the affidavits do not state that a vote was taken during that executive session, nor do the minutes of the March 27, 2000 meeting contain a record of any vote or a summary of the final determination of such action, as required by the Open Meetings Law (*see,* Public Officers Law § 106 [2]). We find that in the absence of a duly authorized vote by the Board, the body which "superintend[s], manage[s] and control[s]" the affairs of the District (Education Law § 1709 [33]), there was no authorization for the commencement of this proceeding. While we have held that where a board admittedly voted within the applicable limitations period to authorize litigation but there were no minutes recording the vote—a violation of the provisions of the Open Meetings Law (*see,* Public Officers Law art 7)—a subsequent properly passed resolution, duly voted upon and recorded, was sufficient to save the action and the sanction of dismissal was not required where there was no showing of any prejudice arising from the earlier failure to comply with the Open Meetings Law (*see, Town of Moriah v Cole-Layer-Trumble Co.*, 200 AD2d 879, 881; *see also, Matter of New York Univ. v Whalen*, 46 NY2d 734, 735). Here, however, in addition to petitioner's failure to show that a vote of the Board authorized the instant proceeding within the applicable period of limitations, the failure to impose the sanction of dismissal of

---

**3.** Our decision in *Matter of Board of Educ. of Union-Endicott Cent. School Dist. v New York State Pub. Empl. Relations Bd.* (250 AD2d 82, *lv denied* 93 NY2d 805), finding that a school superintendent, as a school district's chief executive officer, was authorized to bring a proceeding on behalf of the school district, is distinguishable as there was no indication that the superintendent lacked prior school board authorization to commence that proceeding.

this proceeding would arguably prejudice Goldin as petitioner would be improperly permitted to circumvent the applicable statute of limitations.

It is clear from the record that the members of the Board acknowledged that their authorization for this proceeding required their vote (demonstrated by the Board resolution and vote on May 22, 2000). In the absence of a timely, properly voted authorization for this proceeding by the Board, it is clear that this proceeding was commenced beyond the applicable statute of limitations and is time barred. Consequently, since, on these facts, the statute of limitations cannot be extended (see, CPLR 201), this proceeding should be dismissed.

Given our determination that this proceeding should be dismissed on procedural grounds, the parties' other arguments are rendered academic.

Cardona, P.J., Peters, Spain and Mugglin, JJ., concur. Ordered that the judgment is reversed, on the law and facts, without costs, and petition dismissed.