■ TOWN OF CAROGA, Respondent, v JOSEPH HERMS, Appellant. [878 NYS2d 834]—

____

Spain, J. Appeal from an order and judgment of the Supreme Court (Giardino, J.), entered July 22, 2008 in Fulton County, upon a decision of the court in favor of plaintiff.

Defendant owns a parcel of real property along the shore of Canada Lake, within the Town of Caroga, Fulton County. Plaintiff, the Town of Caroga, commenced the instant action alleging that defendant had constructed a structure on his property in violation of zoning regulations. After a three-week bench trial, Supreme Court found for plaintiff and ordered defendant to remove the structure and pay a $50,000 civil penalty. On defendant's appeal, we now affirm.

Initially, we reject defendant's contention that the action must be dismissed because the Town Board did not authorize the action prior to its commencement in plaintiff's name and, thus, plaintiff lacked capacity to sue (see Town of Claverack v Brew, 277 AD2d 807, 809 [2000]; see also Town Law §§ 65, 268 [2]). Defendant points out that the only relevant Board resolution that preceded commencement of the action resolved that plaintiff had decided to contract with a law firm to represent plaintiff in connection with its dispute with defendant, but did not expressly state that plaintiff had resolved to commence an action. While previously we have held that town board authorization requires a resolution (see Town of Thompson v Alleva, 76 AD2d 1022, 1022 [1980], appeal dismissed 53 NY2d 839 [1981]), we have not interpreted the rule rigidly and have allowed a resolution to effectuate town authorization nunc pro tunc (see Town of Blooming Grove v Blooming Farms Joint Venture, 128 AD2d 772, 773 [1987]).

Here, several resolutions exist demonstrating the Board's ratification of the suit after it had been commenced. Defendant argues, however, that ratification is only possible to save an action where a vote authorizing the action actually had been

taken—but perhaps not recorded—prior to the commencement of the action. First, we note that testimony from several Board members supports plaintiff's position that the Board authorized the action prior to its commencement. One member affirmatively stated that the Board voted to commence the action and two others confirmed that the Board had decided to take action against defendant, but did not give specifics as to whether or when a vote was taken.

Second, we are unpersuaded by defendant's assertion that our decision in *Matter of Gersen v Mills* (290 AD2d 839 [2002]) compels the conclusion that a resolution can never save a suit nunc pro tunc unless evidence exists that an official vote was taken prior to the commencement of the lawsuit. *Gersen* arose in the context of the Education Law and, more significantly, involved an asserted violation of the Open Meetings Law (*see* Public Officers Law § 106; *Matter of Gersen v Mills*, 290 AD2d at 841). There, the missing record of an official vote required dismissal despite a subsequent resolution because prejudice to the respondent was clear in that the applicable period of limitations had run prior to the board's resolution. Here, no such prejudice would result because the zoning violation accrues each day anew, rendering it possible for plaintiff to commence a new action at any time (*see Beneke v Town of Santa Clara*, 45 AD3d 1164, 1164-1165 [2007], *lv denied* 10 NY3d 706 [2008]). Where, as here, no prejudice would result from reliance on a resolution passed subsequent to the commencement of a lawsuit to ratify the decision to sue, we have declined to dismiss an action for a violation of the Open Meetings Law (*see Town of Moriah v Cole-Layer-Trumble Co.*, 200 AD2d 879, 881 [1994]; *see generally* Public Officers Law art 7). In sum, because the record amply supports Supreme Court's determination that the Board did discuss and intend to officially authorize the lawsuit prior to its commencement—albeit not by a vote during open session—and thereafter ratified the action by a formal resolution, we find that plaintiff had capacity to commence the action (*see Town of Moriah v Cole-Layer-Trumble Co.*, 200 AD2d at 881; *cf. Town of Claverack v Brew*, 277 AD2d at 809 [no evidence of "a resolution or other official (t)own (b)oard action"]; *see also Matter of New York Univ. v Whalen*, 46 NY2d 734, 735 [1978]).

Next, defendant contends that plaintiff should be judicially estopped from asserting that the structure that defendant is building is anything but the boathouse as authorized by his building permit. Specifically, defendant argues that plaintiff should be bound by the position it took in 1999, when defen-

dant's neighbors commenced a CPLR article 78 proceeding seeking to invalidate defendant's building permit. In that proceeding, plaintiff's code enforcement officer asserted in an affidavit that, at that time, the structure appeared to be a boathouse, having direct access to the water and no kitchen or bathroom facilities. Supreme Court dismissed the petition, concluding that the structure was a boathouse. Thereafter, this Court affirmed, but on different grounds. On appeal, we held that the petitioners had failed to exhaust their administrative remedies, thus the proceeding should have been dismissed without reaching the merits (*Matter of Hays v Walrath*, 271 AD2d 744, 745 [2000]).

Defendant's judicial estoppel argument must fail for two reasons. First, because the prior action was dismissed for failure to exhaust administrative remedies, it cannot be said that plaintiff succeeded on the merits, rendering the doctrine inapplicable (*see id.* at 745; *Northern Metro. Residential Health Care Facility v Ledri Realty Assoc.*, 179 AD2d 133, 137 [1992]). Second, plaintiff's position in this action is not inconsistent with that which it espoused in the prior proceeding. There, plaintiff maintained that the structure was a boathouse as it existed in 1999, but tempered that opinion with the fact that the structure was still under construction and by explicitly reserving the right to take action against defendant should the structure fall out of compliance with zoning regulations. Plaintiff's position in this action can fairly be characterized as based on changes in the structure made subsequent to the prior proceeding. Accordingly, we do not find plaintiff's position here necessarily to be inconsistent with the position it took in the 1999 proceeding.

Turning to the merits, we conclude that Supreme Court's determination that the structure is not a boathouse, but a residential camp in violation of plaintiff's zoning regulations, is supported by the record. In 1999, when plaintiff issued defendant's permit to construct a boathouse, a boathouse was defined as " 'a structure with direct access to a navigable body of water (1) which is used for the storage of boats and associated equipment and (2) which does not have bathroom or kitchen facilities and is not designed or used for lodging or residency' " (*Matter of Otto v New York State Adirondack Park Agency*, 252 AD2d 898, 899 [1998], quoting 9 NYCRR former 575.4 [c]).* The structure built by defendant falls short of this definition. Our review of the record supports Supreme Court's

---

* The definition of boathouse was amended in 2002 and can now be found at 9 NYCRR 570.3 (c).

finding that the structure lacks direct access to Canada Lake; photographs and drawings of the structure reveal no means of passing from the structure to the water, without having to first pass over land. Supreme Court was free to disregard defendant's testimony that he planned on building a staircase directly to the water where the only manner of ingress and egress from the structure indicated on the plans is a short stairway from the south exposure to the ground. Moreover, no drawing makes any reference at all to, nor does any picture reveal, any sort of slip, dock or other mooring apparatus for a boat—whether existing or planned—beneath the structure.

Further, testimony was adduced at trial supporting the conclusion that, had defendant's construction activities not been halted by a stop work order, the structure likely would have contained a kitchen and/or a bathroom. Witnesses testified to seeing plumbing fixtures on the premises, as well as sealed boxes labeled as containing kitchen cabinets. That the structure was intended for residential use is also demonstrated by the structure's various amenities, including sheet-rocked interior partition walls forming interior rooms, mattresses in the uppermost level of the structure, a chest of drawers, an entertainment center with a television and video player, a microwave oven, extensive electrical wiring, casement windows, glass doors, a gas stove and telephone service (*cf. Matter of Otto v New York State Adirondack Park Agency*, 252 AD2d at 899). Although defendant offered many creative explanations for much of this evidence, we defer to Supreme Court's decision not to credit his testimony (*see Charles T. Driscoll Masonry Reconstruction Co., Inc. v County of Ulster*, 40 AD3d 1289, 1291 [2007]).

Finally, even crediting defendant's claim that the uppermost level of the structure was to be unavailable for use, the structure's size is beyond what was authorized in the building permit. Defendant was authorized to build a boathouse with dimensions of 30 feet by 41 feet. Subsequent to the issuance of the permit, defendant added decking to the structure, increasing its footprint to 34 feet, 8 inches by 49 feet. This increased the area of the structure to approximately 1,700 square feet, well in excess of the 1,250 square feet afforded to boathouses. Accordingly, we agree with Supreme Court's determination that a preponderance of the evidence demonstrates that the structure was designed and being constructed as a residence, rather than a boathouse.

We turn last to defendant's challenge to the penalty imposed by Supreme Court as excessive. Supreme Court has discretion to fashion a suitable equitable remedy (*see e.g. Matter of Gerges*

*v Koch*, 62 NY2d 84, 95-96 [1984]) and, with reference to zoning regulations, removal of offending structures is among the appropriate remedies (*see Beneke v Town of Santa Clara*, 45 AD3d at 1164; *see also* Town Law § 268 [2]). Here, defendant was well aware that plaintiff would not permit him to build a camp residence on the property due to plaintiff's setback requirements; he unsuccessfully sought permission to build a camp on three separate occasions. Nevertheless, while his third application was pending, he commenced construction without a permit. He then successfully applied for permission to build a single-story, one-room boathouse, while he continued to build a structure with several partitioned rooms and with no provision for the storage of a boat. After defendant's building permit expired by its own terms in July 2000, defendant did not apply for a new permit, but unsuccessfully asserted his right to complete the structure in the context of several other litigations. Testimony was proffered at trial that defendant approached a Board member—a local contractor—and offered to send work his way if he could help defendant gain approval to build a camp. A social acquaintance of defendant also testified that defendant said that he intended to use his extensive real estate and political experience to outmatch the "local yokels" who were trying to prevent him from building a residence on the property. Accordingly, we are persuaded that defendant designed and built the structure for residential use with the express intent to circumvent plaintiff's regulations.

Under these circumstances, we find that the penalty imposed was not an abuse of Supreme Court's broad discretion (*see* CPLR 3017 [a]; *State of New York v Barone*, 74 NY2d 332, 336 [1989]; *Beneke v Town of Santa Clara*, 45 AD3d at 1165; *Matter of Massa v City of Kingston*, 284 AD2d 836, 838-839 [2001], *lv denied* 97 NY2d 603 [2001]). Defendant's persistent attempts to circumvent the law justifies Supreme Court's decision to order removal of the structure, rather than modification. Further, the civil penalty imposed is authorized by the Town Law, which gives rise to civil liability in defendant for each week that the structure violated zoning regulations (*see* Town Law § 135; *Beneke v Town of Santa Clara*, 45 AD3d at 1165). Notably, Supreme Court countenanced defendant's claim that plaintiff's delays in complying with disclosure orders may have contributed to the duration of defendant's violation and, accordingly, significantly reduced defendant's penalty.

Mercure, J.P., Kavanagh, Stein and McCarthy, JJ., concur. Ordered that the order and judgment is affirmed, without costs. [*See* 20 Misc 3d 1130(A), 2008 NY Slip Op 51674(U).]