■ In the Matter of DONALD G. PERRYMAN, Petitioner, v VILLAGE OF SARANAC LAKE et al., Respondents. [881 NYS2d 693]—

Stein, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Warren County) to review a determination of the Village of Saranac Board of Trustees which terminated petitioner's employment as the Chief of Police of respondent Village of Saranac Lake.

Petitioner, the Chief of Police of respondent Village of Saranac Lake, was suspended and charged with misconduct and incompetence in accordance with Civil Service Law § 75. Thereafter, on October 4, 2006, the Village of Saranac Board of Trustees (hereinafter Board) convened a special meeting and then went into executive session.[1] While in executive session, the Board agreed to appoint Robert Hite as the Hearing Officer to preside over three matters, including petitioner's disciplinary action. After going back into open session, a motion was made to adopt a resolution appointing the Hearing Officer referenced in executive session (without specifically naming either Hite or the subjects of the hearings). The minutes of that meeting indicate that the motion was made by one Board member and seconded by another and that a third Board member affirmatively voted "yes." Based upon that vote, the Village Attorney wrote a letter to Hite advising him of his appointment by the Board.

Hite subsequently held a hearing on the charges and issued a report finding petitioner guilty of misconduct and recommending his termination. Following issuance of the report, the Board called another special meeting, during which it passed a motion adopting Hite's report and terminating petitioner's employment. Petitioner commenced this proceeding pursuant to CPLR article 78 challenging his termination on the grounds that Hite did not have the authority to conduct the disciplinary hearing pursuant to Civil Service Law § 75 (2) and that his findings were not based on substantial evidence. Thereafter, Supreme Court (Krogmann, J.) partially granted a motion by petitioner to amend the petition insofar as it permitted petitioner to add certain allegations that the Board violated Public Officers Law article 7 (the Open Meetings Law). Supreme Court then transferred this proceeding to this Court pursuant to CPLR 7804 (g).

Petitioner's challenge to the validity of the hearing officer appointment in regard to his disciplinary proceeding can be distilled to two questions: (1) whether the Board sufficiently took action by majority vote at the October 4, 2006 special meeting to designate Hite as the hearing officer to hold the hearing, and (2) if such action was taken, whether the Board properly

---

1. Executive session denotes "that portion of a meeting not open to the general public" (Public Officers Law § 102 [3]).

delegated its authority in writing as required by Civil Service Law § 75 (2). We answer both questions in the affirmative.

Civil Service Law § 75 (2) provides that a hearing for disciplinary charges may only be held by "the officer or body having the power to remove the person against whom such charges are preferred, or by a deputy or other person designated by such officer or body in writing for that purpose" (Civil Service Law § 75 [2]; *see Matter of Marin v Benson*, 131 AD2d 100, 102 [1987]; *see also Matter of McComb v Reasoner*, 29 AD3d 795, 798 [2006]). In this case, the "officer or body" that has the power to remove petitioner is the Board (*see* Village Law § 8-804 [1]). Because the Board consists of five members, three "yes" votes were required in order to pass a resolution to delegate to Hite the authority to conduct a hearing on the charges against petitioner (*see Matter of D.E.P. Resources v Planning Bd. of Vil. of Monroe*, 131 AD2d 757, 758 [1987]; *see also* General Construction Law § 41).

We are unpersuaded by petitioner's contention that the October 4, 2006 motion to approve the resolution purporting to appoint Hite as Hearing Officer was invalid for failing to garner a three-vote majority. While it is true that the minutes reflect that only one member formally said the word "yes" while the two other voting members moved to approve the resolution and seconded it, the unrefuted affidavit submitted by the Village Clerk established that it was the general practice in the Village that the actions of making or seconding motions by Board members were considered "yes" votes unless stated otherwise. This practice was not only specifically acknowledged in the affidavits of the Board members who made and seconded the subject motion to approve the resolution, but these individuals also confirmed that their actions constituted "yes" votes in reference to the resolution (*cf. Matter of Gersen v Mills*, 290 AD2d 839, 841 [2002]). Given this undisputed proof, we see no reason to disregard such affidavits and reach a conclusion on this point different from what was clearly intended by the Board members (*see e.g. Matter of Specht v Town of Cornwall*, 13 AD3d 380, 381 [2004]; *Matter of Gersen v Mills*, 290 AD2d at 841).

We further find that the contemporaneous October 4, 2006 Board minutes from the special meeting held that day referencing the resolution appointing a hearing officer sufficiently satisfy the requirements of a written delegation of the Board's authority to hold the hearing (*see Matter of Scharf v Levittown Union Free School Dist.*, 294 AD2d 508, 509 [2002], *lv denied* 98 NY2d 613 [2002]; *Matter of Salley v Hempstead School Dist.*, 121 AD2d 547, 548 [1986]). Notably, the minutes from that

meeting reflect that the special meeting commenced at 5:04 P.M. and that the Board immediately entered executive session for the purpose of discussing the "appointment and employment history of particular people." The minutes then show that the Board returned to regular session and a motion was made to approve a resolution that "the hearing officer named in executive session be appointed to serve as a hearing officer for the three matters discussed in executive session."[2] The meeting concluded at 5:47 P.M. In our view, the absence of any confusion regarding the action taken during that short meeting is apparent. In other words, there is no legitimate dispute, given all the proof in this record, including the various affidavits, that a vote was taken and recorded, that Hite was the Hearing Officer so named and that one of the three matters discussed in executive session was petitioner's disciplinary matter (*see Matter of Specht v Town of Cornwall*, 13 AD3d at 381; *Matter of Gersen v Mills*, 290 AD2d at 841; *see generally Hubbard v Onondaga County Dept. of Health*, 219 AD2d 832, 833 [1995]).

Significantly, the public actions of entities such as the Board herein should not be invalidated "unless there is some resulting uncertainty about what was enacted to someone's detriment" (*Northern Operating Corp. v Town of Ramapo*, 26 NY2d 404, 408 [1970]). Here, inasmuch as there is no evidence of any uncertainty or confusion about the designation of Hite to conduct petitioner's disciplinary hearing, we consider extrinsic evidence to substantiate the content of the Board's resolution (as reflected in the October 4, 2006 special meeting minutes), thereby establishing that the Board took the necessary action (*see Matter of Specht v Town of Cornwall*, 13 AD3d at 381; *Matter of Gersen v Mills*, 290 AD2d at 841; *Hubbard v Onondaga County Dept. of Health*, 219 AD2d at 833). Any other result would needlessly exalt "form over substance" (*Northern Operating Corp. v Town of Ramapo*, 26 NY2d at 409). Additionally, to the extent that petitioner's challenges based upon alleged violations of the Open Meetings Law (*see* Public Officers Law art 7) have been preserved, petitioner has not established good cause which would warrant judicial relief invalidating any of the actions taken at the October 2006 and January 2007 meetings (*see Matter of Gernatt Asphalt Prods. v Town of Sardinia*, 87 NY2d 668, 686 [1996]; *Matter of Gersen v Mills*, 290 AD2d at 841; *Town of Moriah v Cole-Layer-Trumble Co.*, 200 AD2d 879, 881 [1994]).

---

2. Respondents maintain that the names of the individuals referenced in the resolution were not specifically set forth therein in order to protect their privacy.

We turn now to the merits of the Board's determination. "The standard of review of a determination made following a hearing pursuant to Civil Service Law § 75 is whether the determination is supported by substantial evidence" (*Matter of Longton v Village of Corinth*, 57 AD3d 1273, 1274 [2008] [citations omitted]; *see* CPLR 7803 [4]). Here, the charges against petitioner stem from an incident wherein two village police officers were involved in a car accident while on duty in an unmarked village police car after they had consumed alcohol. The credible evidence adduced at the hearing demonstrated that petitioner was aware that the village police officers in question had been drinking before the accident and that he attempted to conceal such information from the investigating authorities, thereby engaging in a pattern of misconduct. The evidence adduced at the hearing also supports Hite's finding that petitioner engaged in misconduct by failing to conduct an internal investigation of the incident to address the conduct of the police officers in question, who not only operated a village vehicle while intoxicated, but failed to disclose this information in the reports they wrote regarding the accident.

Specifically, it is undisputed that the two village police officers involved in the car accident had each consumed four alcoholic beverages between 12:30 P.M. and 5:00 P.M. on the day in question and that the accident occurred between 6:00 P.M. and 6:20 P.M. A witness who testified that he spoke with both village police officers immediately after the accident stated—both in his hearing testimony and in his sworn statement to the State Police—that he smelled alcohol on the breath of the vehicle's driver and observed the vehicle's passenger act as though he was intoxicated. A State Police investigator opined at the hearing that the fact that both men had been drinking and that this was obvious to a civilian makes it highly likely that, when petitioner spoke to the police officers, he was aware that they had consumed alcohol. The testimony of State Trooper John Moody, who investigated the accident, evidences that petitioner attempted to keep Moody away from the village police officers involved immediately following the accident and directed another village officer to go to the scene and transport the officers back to the village police station. Moody further testified that, while at the station, petitioner acted as a go-between for Moody (who was in the front of the station) and the police officers (who stayed in the back).

It was also undisputed that petitioner subsequently directed another village police officer to drive the two officers to their homes. In addition, petitioner arranged to have the car towed

from the scene of the accident without ascertaining whether the State Police approved of its removal. The testimony of then Essex County District Attorney Ronald Briggs also established that petitioner called him and gave him misleading information in an effort to obtain his approval for the Village, rather than the State Police, to assume jurisdiction over the investigation. With regard to petitioner's failure to perform an internal investigation, he testified that he did not perform any investigation into the incident for purposes of employee discipline. Additionally, in direct contravention to the village employee drug free work place policy, petitioner advised the officers that he could not compel them to submit to alcohol testing.

While petitioner's testimony and that of other witnesses offered by him contradicted the testimony presented by the Village in some respects, the resolution of questions of credibility are solely within the province of the Hearing Officer (*see Matter of Peters v County of Rensselaer*, 28 AD3d 854, 854 [2006]; *Matter of Rounds v Town of Vestal*, 15 AD3d 819, 822 [2005]), and this Court does not substitute its judgment for that of the Board, nor does it weigh the evidence presented at the hearing (*see Matter of Wilburn v McMahon*, 296 AD2d 805, 806 [2002]; *Matter of Novotny v Constantine*, 150 AD2d 852, 853 [1989]; *Matter of Farwell v Chesworth*, 116 AD2d 802, 803 [1986]). Thus, the fact that "petitioner presented an alternative explanation for the course of events" is not a basis for disturbing the Board's determination (*Matter of Peters v County of Rensselaer*, 28 AD3d at 854; *see Matter of Longton v Village of Corinth*, 57 AD3d at 1274; *Matter of Clarke v Cleveland*, 53 AD3d 894, 896 [2008]). Accordingly, we find that there was substantial evidence supporting Hite's report and recommendations and, therefore, that the Board's decision to terminate petitioner was also supported by substantial evidence.

Finally, we are unpersuaded that the Board's determination should be invalidated based upon petitioner's conclusory assertions that the Board must have failed to review the record given its size and the fact that Hite's report and recommendation was received one day before the Board voted on it. We first note that determinations made by the Board are entitled to a presumption of regularity (*see Matter of McKinney v Bennett*, 31 AD3d 860, 861 [2006]). As such, in order to meet his evidentiary burden on this claim, petitioner must show that the Board " 'made no independent appraisal and reached no independent conclusion' " (*Matter of Taub v Pirnie*, 3 NY2d 188, 195 [1957], quoting *Matter of Kilgus v Board of Estimate of City of N.Y.*, 308 NY 620, 628 [1955]; *accord Matter of Nehorayoff v Fernandez*,

191 AD2d 833, 835 [1993]). "Contrary to petitioner's contention, [the Board] was not required to read all . . . pages of the hearing transcript and each document submitted" (*Matter of McKinney v Bennett*, 31 AD3d at 861 [citations omitted]). Thus, petitioner's unsubstantiated claims that the Board failed to review the record are insufficient to overcome the presumption of regularity (*see Matter of Nehorayoff v Fernandez*, 191 AD2d at 835).

In view of the foregoing, petitioner's remaining arguments concerning the penalty imposed are rendered academic.

Cardona, P.J., Peters, Malone Jr. and McCarthy, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.