■ In the Matter of HENRY CONDE, Petitioner, v RAYMOND W. KELLY, as Police Commissioner of the City of New York, et al., Respondents. [990 NYS2d 166]—

Determination of respondent Police Commissioner, dated March 5, 2012, terminating petitioner's employment as a police officer, unanimously modified, on the law, to award petitioner back pay for the period in which he was suspended without pay beyond the 30 days permitted by Civil Service Law § 75 (3-a), and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Paul Wooten, J.], entered Feb. 27, 2013) otherwise disposed of by confirming the remainder of the determination, without costs.

Following a disciplinary hearing, the hearing officer sustained three charges, which alleged respectively that petitioner, while assigned to the Internal Affairs Bureau (IAB): "on or about November 6, 2006, did wrongfully access and subsequently obtain confidential information from the Internal Affairs Professional Computer System, which was not related to the official business of the Department" (5); "on or about November 6, 200[6], did wrongfully divulge or discuss official Department business without permission or authority to do so" (6); and on or about October 16, 2006, . . . with intent to obtain a benefit

or deprive another of a benefit, . . . obtained confidential information from the Internal Affairs Professional Computer System, which was not related to the official business of the Department and divulged said information to another Member of Service" (7).

Petitioner does not challenge the findings with respect to charges 5 and 6. His argument that the finding with respect to charge 7 is not supported by substantial evidence is without merit. Petitioner improperly accessed a file regarding a pending disciplinary investigation related to a domestic violence incident involving a fellow officer and the officer's girlfriend, and effectively divulged its contents when he told the officer, "[I]t is what you said it is."

We reject petitioner's argument that his actions did not constitute official misconduct because there is no evidence that he acted "with intent to obtain a benefit or deprive another person of a benefit" (Penal Law § 195.00 [1]). " 'Benefit' means any gain or advantage to the beneficiary and includes any gain or advantage to a third person pursuant to the desire or consent of the beneficiary" (Penal Law § 10.00 [17]). This "includes more than financial gain and can encompass political or other types of advantage" (*People v Feerick*, 93 NY2d 433, 447 [1999]). On the record before us, it can be reasonably inferred that petitioner intended to obtain a benefit for his fellow officer and friend within the meaning of the statute when he accessed confidential information in the IAB computer system and confirmed for the officer the scope of the allegations of the complainant in the disciplinary investigation against him (*see e.g. People v Barnes*, 117 AD3d 1203, 1206-1207 [3d Dept 2014] [while reversing the criminal misconduct conviction on other grounds not applicable in this case, the Court found that "(c)onsidering defendant's statement to the pharmacist, the jury could infer that defendant intended to obtain a benefit—getting Jewett's prescriptions filled more quickly—by flashing her badge and identifying herself as a police officer"]; *People v Lucarelli*, 300 AD2d 1013 [4th Dept 2002] [reinstating the official misconduct count where a police officer was informed of the name of a suspected drug dealer and transmitted the information to the suspect's mother, with the intent to benefit the suspect]).

The penalty of termination is not so disproportionate to the offense as to be shocking to one's sense of fairness (*Matter of Kelly v Safir*, 96 NY2d 32, 39-40 [2001]). Petitioner betrayed his position of trust as an IAB member, who was privy to very sensitive information, and breached his confidentiality agreement

with the police department, which stated that the wrongful disclosure of information would not be tolerated by the department and that divulging or discussing official department business except as authorized, constituted prohibited conduct and might constitute official misconduct under Penal Law § 195.00 (1). Among other things, petitioner informed a fellow officer that he was the subject of a "criminal association log" and divulged very sensitive information regarding allegations that the officer was "hanging out" with a drug dealer and that a confidential informant was involved, possibly placing the informant's life in danger.

Respondents concede that petitioner is entitled to back pay for the period of time in which he was suspended in excess of 30 days (Civil Service Law § 75 [3-a]). Concur—Tom, J.P., Acosta, Andrias, DeGrasse and Richter, JJ.