### State of New York
### Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  May 5, 2016         521850
_____

In the Matter of ZETRA BRUSO,
          Petitioner,

     v                            MEMORANDUM AND JUDGMENT

CLINTON COUNTY et al.,
          Respondents.
_____

Calendar Date:  March 21, 2016

Before:  Garry, J.P., Egan Jr., Lynch, Devine and Clark, JJ.

_____

Steven A. Crain and Daren J. Rylewicz, Civil Service Employees Association, Albany (Aaron E. Kaplan of counsel), for petitioner.

Lemire, Johnson & Higgins, LLC, Malta (Bradley J. Stevens of counsel), for respondents.

_____

Clark, J.

Proceeding pursuant to CPLR article 78 (partially transferred to this Court by order of the Supreme Court, entered in Clinton County) to review a determination of respondent County Administrator of the County of Clinton terminating petitioner's employment.

Petitioner was employed by respondent Clinton County as a registered nurse at respondent Clinton County Nursing Home.  In December 2012, the administrator of the nursing home brought charges against petitioner pursuant to Civil Service Law § 75. At a hearing on those charges, petitioner attempted to admit into evidence a "Medication and Treatment Misadventures Form" (hereinafter the form), an internal quality assurance document

used by the nursing home to identify and address errors in medicating its residents, as well as a resident's narcotics prescription that was attached to the form. As a result, in April 2013, the administrator of the nursing home brought two additional charges against petitioner, which included three specifications of alleged misconduct and incompetence. As relevant here, petitioner was alleged to have knowingly possessed the form and the attached prescription without authorization from the nursing home.

Following a hearing on the April 2013 charges, a Hearing Officer found that all three specifications were supported by substantial evidence and recommended termination of petitioner's employment. Respondent Michael E. Zurlo, the Clinton County Administrator, accepted the Hearing Officer's findings and recommendation and concluded that termination of petitioner's employment was the appropriate penalty.[1] Petitioner then commenced this proceeding pursuant to CPLR article 78 seeking, among other things, to annul Zurlo's determination. Supreme Court dismissed two of the specifications as untimely under Civil Service Law § 75 (4) and transferred the proceeding to this Court (see CPLR 7804 [g]).

We first address petitioner's argument that the determination should be annulled because the Hearing Officer was biased. "Because hearing officers are presumed to be free from bias, an appearance of impropriety is insufficient to set aside

---

[1] At the time of this determination, Zurlo had already concluded that petitioner was guilty of several of the December 2012 charges and terminated her employment. We note that, in a decision decided herewith (Matter of Bruso v County of Clinton, ___ AD3d ___), we concluded that, at the time of his determination of the December 2012 charges, Zurlo was not authorized to review the record and the Hearing Officer's recommendation and render a determination on those charges. However, the same concern is not present here, as Zurlo was vested with the power to review the present record and render a determination on the April 2013 charges at the time that he did so.

an administrative determination; [the] petitioner must provide factual support for his [or her] claim of bias and prove that the outcome flowed from that bias" (Matter of Compasso v Sheriff of Sullivan County, 29 AD3d 1064, 1065 [2006]; accord Matter of Zlotnick v City of Saratoga Springs, 122 AD3d 1210, 1212-1213 [2014]).  Although the Hearing Officer presided over the hearing on the December 2012 charges, petitioner failed to overcome the presumption and establish that the Hearing Officer prejudged the matter (see Matter of Compasso v Sheriff of Sullivan County, 29 AD3d at 1065).  We are similarly unpersuaded by petitioner's contention that the Hearing Officer improperly considered evidence outside of the record.

Additionally, we are satisfied that Zurlo's determination was independent and fully informed.  In evaluating whether an administrative determination is informed, courts accord the determination a presumption of regularity and will not disturb it absent "a clear revelation that the administrative body made no independent appraisal and reached no independent conclusion" (Matter of Taub v Pirnie, 3 NY2d 188, 195 [1957] [internal quotation marks and citation omitted]; see Matter of Monahan v Delaware-Chenango-Madison-Otsego Bd. of Coop. Educ. Servs., 27 AD3d 995, 996 [2006]; Matter of Nehorayoff v Fernandez, 191 AD2d 833, 835 [1993]).  The record reveals that the hearing transcript and exhibits were made available to Zurlo and that he reviewed the posthearing briefs submitted by the parties, as well as the findings, conclusions and recommendation of the Hearing Officer. Contrary to petitioner's assertion, Zurlo was not required to read the entirety of the hearing transcript (see Matter of Perryman v Village of Saranac Lake, 64 AD3d 830, 835-836 [2009]; Matter of McKinney v Bennett, 31 AD3d 860, 861 [2006]).

As for petitioner's challenge to the sufficiency of the evidence supporting Zurlo's determination that petitioner was guilty of the remaining charge, our standard of review is whether the determination is supported by substantial evidence (see Matter of Longton v Village of Corinth, 57 AD3d 1273, 1274 [2008], lv denied 13 NY3d 709 [2009]; Matter of Agnew v North Colonie Cent. School Dist., 14 AD3d 830, 831 [2005]).  "[T]his Court will not 'second guess the credibility determinations of the administrative factfinder'" (Matter of McKinney v Bennett, 31

AD3d at 861, quoting <u>Matter of Stephen FF. v Johnson</u>, 23 AD3d 977, 978 [2005]; <u>see</u> <u>Matter of Perryman v Village of Saranac Lake</u>, 64 AD3d at 835).

Here, it is undisputed that the form and the attached prescription contained confidential information relating to one of the nursing home's residents, including the resident's name, address, provider and prescribed medication.  The administrator of the nursing home and a staff nurse testified that they were unable to locate the original form and that they had not given petitioner permission to remove the document from the nursing home.  Although petitioner's former attorney testified that the administrator gave him a file of documents and that the form was included in that file, the administrator affirmatively testified that she reviewed the contents of the file before turning it over to petitioner's attorney and that the form was not in it.  Additionally, petitioner's attorney admitted that page two of the form was not included in the file and that petitioner provided that page to him later.  Further, the parties jointly admitted into evidence portions of petitioner's testimony at the hearing on the December 2012 charges in which she gave varying accounts as to how she came into possession of the form.  In one version, petitioner testified that the form was not produced by the nursing home in response to her document requests and that she kept the form for herself.  This evidence presented a credibility issue for the Hearing Officer, one that she resolved in favor of respondents.  Accepting the credibility determinations of the administrative factfinder, we conclude that substantial evidence supports the determination that petitioner knowingly possessed the form and the attached prescription without permission in violation of the nursing home's policies.  We do not find that termination of petitioner's employment is so disproportionate to the offense as to be shocking to one's sense of fairness (<u>see</u> <u>Matter of Conde v Kelly</u>, 118 AD3d 534, 535-536 [2014]).

To the extent that petitioner's arguments have not been expressly addressed herein, we have examined them and found them to be without merit.

Garry, J.P., Egan Jr., Lynch and Devine, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court