■ In the Matter of ALPER RESTAURANT INC., Also Known as SWISS HUTTE, et al., Appellants, v TOWN OF COPAKE ZONING BOARD OF APPEALS et al., Respondents, et al., Respondent. [51 NYS3d 705]—

Rose, J. Appeal from a judgment of the Supreme Court (Platkin, J.), entered October 20, 2015 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Town of Copake Zoning Board of Appeals granting a request by respondent Rock Solid Development, LLC for a special use permit.

Respondent Rock Solid Development, LLC applied to respondent Town of Copake Zoning Board of Appeals (hereinafter the ZBA) for a special use permit in connection with the proposed construction of a resort hotel on a parcel of land owned by respondent Catamount Development Corporation and located in the Town of Copake, Columbia County.* During the review of that application, a vacancy occurred on the five-member panel of the ZBA. In September 2014, the four remaining members

* Rock Solid and Catamount also filed applications for site plan and subdivision approval, which were granted by the Town of Copake Planning Board, and the Planning Board issued a negative declaration of significance under the State Environmental Quality Review Act (*see* ECL art 8). Petitioners commenced a separate CPLR article 78 proceeding to challenge the Planning Board's determinations (*Matter of Alper Rest. Inc. v Town of Copake*

voted 2-2 on the issue of whether to grant the application for a special use permit and, because there was no majority vote, the ZBA was considered not to have acted. In November 2014, after a new member was appointed to fill the vacancy, the ZBA granted Rock Solid's application in a 3-2 vote. Petitioners, who own and operate an inn and restaurant on property adjacent to the proposed resort hotel, commenced this CPLR article 78 proceeding contending, among other things, that the September 2014 tie vote constituted a default denial of Rock Solid's application. Following joinder of issue, Supreme Court, in a thorough and well-reasoned decision, dismissed the petition. This appeal ensued.

We can find no reason to disturb Supreme Court's determination that the September 2014 tie vote constituted non-action on the application, thus permitting the ZBA to vote on the application for a second time in November 2014. Supreme Court accurately set forth the 2002 legislative amendments to Town Law § 267-a, aptly observed the impact of those amendments in relation to *Matter of Tall Trees Constr. Corp. v Zoning Bd. of Appeals of Town of Huntington* (97 NY2d 86 [2001]) and correctly determined that a tie vote of a zoning board of appeals only results in a default denial when, among other things, it is exercising its appellate jurisdiction (*see* Town Law § 267-a [13] [b]; L 2002, ch 662, § 7; Terry Rice, Practice Commentaries, McKinney's Cons Laws of NY, Book 61, Town Law § 267-a at 31-33). Inasmuch as it is undisputed that the ZBA was exercising its original jurisdiction here (*see* Code of the Town of Copake § 232-28 [C]), we agree with Supreme Court that the September 2014 tie vote did not result in a default denial. Petitioners' additional argument that the ZBA's bylaws, rather than the Town Law, control here is patently without merit.

Nor can we agree that Supreme Court erred in finding that the newly appointed ZBA member was adequately informed about the application when he rendered his vote (*see Matter of Perryman v Village of Saranac Lake*, 64 AD3d 830, 835-836 [2009]), and that the ZBA's interpretation of Code of the Town of Copake § 232-28 (G) was rational (*see generally Matter of Sullivan v Board of Zoning Appeals of City of Albany*, 144 AD3d 1480, 1482 [2016], *lv denied* 29 NY3d 901 [Mar. 23, 2017]). We have reviewed petitioners' remaining contentions and find them to be without merit.

McCarthy, J.P., Garry, Mulvey and Aarons, JJ., concur. Ordered that the judgment is affirmed, without costs.

*Planning Bd.*, 149 AD3d 1336 [2017] [decided herewith]).