Matter of Gilio v Adult Career & Continuing Educ. Servs. Vocational Rehabilitation (2023 NY Slip Op 03736)

Matter of Gilio v Adult Career & Continuing Educ. Servs. Vocational Rehabilitation

2023 NY Slip Op 03736

Decided on July 6, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 6, 2023

534947
[*1]In the Matter of Devin M. Gilio, Petitioner,
v
Adult Career & Continuing Education Services — Vocational Rehabilitation et al., Respondents.

Calendar Date:June 5, 2023

Before:Garry, P.J., Lynch, Clark, Aarons and Ceresia, JJ.

Disability Rights New York, Albany (Erica Marie Molina of counsel), for petitioner.
Letitia James, Attorney General, Albany (Laura Etlinger of counsel), for respondents.

Aarons, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to, among other things, review a determination of respondent Adult Career & Continuing Education Services — Vocational Rehabilitation denying petitioner's application for tuition assistance.
Respondent Adult Career & Continuing Education Services — Vocational Rehabilitation (hereinafter respondent) is a program that assists individuals with disabilities in obtaining and maintaining independent living and employment. Petitioner, who was a college student at the relevant time, applied to respondent in 2019 for tuition assistance. After three separate financial needs reviews were conducted, respondent denied petitioner's application because petitioner had failed to prove financial independence. Petitioner then requested an impartial hearing. Following the impartial hearing's conclusion, the Hearing Officer upheld respondent's determination. Petitioner thereafter commenced this CPLR article 78 proceeding seeking annulment of the Hearing Officer's determination. Respondents joined issue, and the matter was transferred to this Court (see CPLR 7804 [g]).
Under the regulatory scheme, respondent may provide financial assistance to an eligible individual and the "limited financial resources shall be allocated to maximize provision of vocational rehabilitation services to those eligible individuals with the greatest financial need" (8 NYCRR 247.12 [a]).[FN1] As relevant here, ''[a]n eligible individual under the age of 22 will be presumed dependent upon his or her parents, or legal guardian, unless the individual can satisfactorily demonstrate that he or she would not be considered dependent if the dependency test contained in [8 NYCRR 247.12 (e) (2)] were applied" (8 NYCRR 247.12 [e] [1]). That said, to be considered financially independent, more than one-half of an eligible individual's total support must not have been provided by a relative during the most recent calendar year (see 8 NYCRR 247.12 [e] [2]). The eligible individual bears the burden of submitting documentation demonstrating financial need, and the failure to do so may result in the withholding of the sought financial assistance (see 8 NYCRR 247.12 [g]).
Petitioner, who was under 22 years old at the relevant time, argues that she satisfactorily demonstrated her financial independence so as to warrant financial assistance. The Hearing Officer, however, found to the contrary. The record reveals that petitioner was provided a list of information that would be necessary to conduct the financial needs review. Petitioner testified as to the various expenses that she had paid, which included paying rent for an apartment, how she supported herself through scholarships, grants and teaching private swim classes and that she had received a weekly benefit due to her father's wrongful death lawsuit. A counselor with respondent, however, testified that financial determinations were [*2]not made based on what individuals said but on "evidence, documents" and that the information provided by petitioner was "kind of sketchy." According to the counselor, petitioner did not provide information as to how much rent she paid, let alone a rental lease. The record also discloses that petitioner denoted no income on her federal student aid application and that she was paid in cash when she taught the swim classes. The counselor stated that there was no documentation to substantiate the income from teaching swim classes. Indeed, petitioner testified that she did not provide the source of this income to respondent. As to the wrongful death benefit, petitioner's mother testified that this benefit was paid to her because "the premise behind it . . . is child support." In view of the foregoing, although there is evidence favoring petitioner's position, because substantial evidence supports the Hearing Officer's determination, it will not be disturbed (see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 181 [1978]).
Petitioner's contentions that the Hearing Officer relied on distinguishable cases when rendering the determination and that the decision did not satisfy the requirements of 8 NYCRR 274.4 (l) are without merit (see Wasser v New York State Off. of Vocational & Educ. Servs. for Individuals with Disabilities, 683 F Supp 2d 201, 217 [ED NY 2008], affd 602 F3d 476 [2d Cir 2010]). Petitioner's assertion that the Hearing Officer was biased, to the extent preserved, is likewise unavailing because petitioner failed to show that the outcome of the impartial hearing flowed from the alleged bias (see Matter of Bruso v Clinton County, 139 AD3d 1169, 1170-1171 [3d Dept 2016]; Matter of Sunnen v Administrative Rev. Bd. for Professional Med. Conduct, 244 AD2d 790, 791-792 [3d Dept 1997], lv denied 92 NY2d 802 [1998]). Petitioner's remaining arguments have been considered and are unavailing.
Garry, P.J., Lynch, Clark and Ceresia, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

Footnotes

Footnote 1: Petitioner's status as an eligible individual is not in dispute.